04-6131-pr
Macias v. Zenk

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2006

(Submitted March 8, 2007          Decided July 26, 2007)

Docket No. 04-6131-pr

------------------------------------

JUAN EDGAR LOERA MACIAS,

Plaintiff-Appellant,

v.

MICHAEL ZENK, JOHN ANNESA, STEPHANIE MIDDLETON and JOSEPH PARKER,

Defendants-Appellees.

------------------------------------

B e f o r e: MESKILL, WINTER and STRAUB, Circuit Judges.

Appeal from a judgment of the United States District Court for the Eastern District of New York, Trager, J., entered on July 26, 2004, dismissing pro se prisoner's Eighth Amendment medical indifference claims against prison officials for failure to exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

Affirmed in part, and vacated and remanded in part.

Juan Edgar Loera Macias, Brooklyn, NY, Appellant Pro Se.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Varuni Nelson, Edward Newman, Assistant

United States Attorneys, Brooklyn, New York, on the brief, for Appellees.

MESKILL, Circuit Judge:

Appeal from a judgment of the United States District Court for the Eastern District of New York, Trager, J., entered on July 26, 2004, dismissing pro se prisoner's Eighth Amendment medical indifference claims against prison officials for failure to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

Affirmed in part, and vacated and remanded in part.

This appeal examines the scope of the PLRA exhaustion requirement. Plaintiff Juan Edgar Loera Macias is a pro se federal prisoner who alleges that Metropolitan Detention Center (MDC) defendants Warden Michael Zenk, Health Service Administrator Stephanie Middleton, Physician Assistant John Annessa, and Corrections Officer Joseph Parker, were negligent and deliberately indifferent to his medical needs in violation of the Eighth Amendment's proscription on cruel and unusual punishment. Macias filed his pro se 42 U.S.C. § 1983 civil action in the United States District Court for the Southern District of New York. His case was transferred to the Eastern District of New York where Judge Trager dismissed Macias' state law tort and Eighth Amendment claims for failure to exhaust his administrative remedies under the Federal Tort Claims Act (FTCA),

28 U.S.C. § 2671 et seq., and the PLRA.

The district court's judgment was entered before we decided a series of cases examining the PLRA's exhaustion requirement. We vacate that judgment in part and remand to the district court to consider whether the threats Macias alleges he received rendered the United States Bureau of Prisons' (BOP) administrative grievance procedures unavailable to him, or whether those threats estop defendants from raising Macias' failure to exhaust as an affirmative defense. We affirm the district court's judgment in all other respects.

                          BACKGROUND

For the purposes of this appeal, we discuss the facts as alleged by Macias. Macias entered the MDC on February 16, 2002 as a pre-trial detainee. MDC medical personnel examined him on March 15, 2002, March 19, 2002, April 5, 2002 and July 29, 2002. At these appointments Macias informed MDC personnel that in 2001 he had undergone arthroscopic surgery on his right knee. On October 8, 2002, while picking up his food tray in his housing unit, Macias slipped and fell on a wet floor resulting in injuries to his right knee, back and head. That same day defendant Annessa examined Macias and prescribed medication and bed rest and ordered an X-ray of his back, hip and right knee. In early December 2002 Macias approached Annessa to request additional pain medication. Annessa refused him and told him

that there was nothing further he could do to help him. Macias filed an administrative tort claim shortly thereafter, numbered TRT-NER-2003-00954 and received by the BOP on December 12, 2002, alleging that his injuries were caused by defendants' negligence, and that 57 days had passed since his injury and he still had not received proper medical care.

On January 3, 2003 an MDC physician diagnosed Macias with a right medial collateral ligament tear and ordered an MRI. The results of the MRI indicated that Macias' knee had a lateral and medial meniscal tear, an anterior collateral ligament tear and degenerative arthritis. After his MRI, Macias was seen several more times by MDC medical personnel. Macias' pain medication was intermittently discontinued and he had difficulty obtaining additional treatment.

On January 24, 2003 defendant Parker denied Macias access to his medication during a cell search causing him to collapse. Parker also denied Macias food by ordering him not to ask other inmates to help him with his lunch tray and by telling him that if he could go to the law library on crutches, he could carry his food tray on crutches. Macias filed an administrative tort claim against Parker on March 13, 2003, numbered TRT-NER-2003-01619, alleging emotional damages as a result of Parker's mistreatment.

Macias then filed this pro se action in the United

-4-

States District Court for the Southern District of New York, alleging that defendants were deliberately indifferent to his medical needs and negligent in causing his injuries and emotional distress. On May 27, 2003 Macias' lawsuit was transferred to the United States District Court for the Eastern District of New York. While his case was pending Macias filed a motion for a temporary restraining order claiming that the MDC had again discontinued his pain medication, that he reinjured his right knee when his wheelchair collapsed, and that he had not been provided with prescribed rehabilitative physical therapy. Macias asked the district court to order the MDC to reissue his medication and to enjoin the defendants from retaliating against him.

The district court construed Macias' 42 U.S.C. § 1983 lawsuit liberally, see McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) ("when [a] plaintiff proceeds pro se . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations"), and found that Macias had stated Eighth Amendment claims under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and tort claims under the FTCA. Defendants moved to dismiss the lawsuit pursuant to Fed. R. Civ. P. 12(b)(6) because, inter alia, Macias had failed to comply with the PLRA's exhaustion requirement before filing both his Bivens claims and his motion for a

temporary restraining order, and because he had failed to comply with the FTCA's exhaustion requirement before filing his tort claims.

In a decision entered on July 26, 2004 the district court granted defendants' motion and dismissed the lawsuit in full. Judge Trager dismissed Macias' state law tort claims without prejudice because Macias filed his complaint while his two administrative tort claims were pending. The court dismissed Macias' Eighth Amendment Bivens claims and his motion for a temporary restraining order because Macias had never availed himself of the BOP's administrative remedy system.

On appeal, Macias contends that his Bivens claims should not have been dismissed for failing to comply with the PLRA's exhaustion requirement because (1) he did not need to use the BOP's administrative remedy system because the BOP is not authorized to provide some of the relief he seeks, (2) his administrative tort claims and other informal complaints put the prison officials on notice of the nature of his grievance, and (3) defendant Parker's alleged threats rendered the BOP's administrative remedy system unavailable to him, or in the alternative, those threats estop defendants from raising his failure to exhaust as an affirmative defense. Macias does not challenge either the dismissal of his tort claims pursuant to the FTCA or the dismissal of his motion for a temporary restraining

order.  Therefore, our review is limited to the district court's decision to dismiss Macias' <u>Bivens</u> claims.  For the following reasons, we affirm in part, and vacate and remand in part.

DISCUSSION

Federal jurisdiction is based on this <u>Bivens</u> action arising under the Eighth Amendment to the United States Constitution.  28 U.S.C. § 1331.  We have appellate jurisdiction under 28 U.S.C. § 1291.

We review the district court's dismissal of Macias' complaint for failure to state a claim <u>de</u> <u>novo</u> "accepting as true all facts alleged in the complaint and drawing all inferences in favor of the plaintiff."  <u>Faulkner</u> v. <u>Beer</u>, 463 F.3d 130, 133 (2d Cir. 2006) (internal quotation marks omitted).

The PLRA provides that a prisoner may not bring an action under federal law "with respect to prison conditions . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  <u>Porter</u> v. <u>Nussle</u>, 534 U.S. 516, 532 (2002).

We recently decided a series of cases examining the scope of the PLRA's exhaustion requirement.  <u>See</u> <u>Giano</u> v. <u>Goord</u>,

-7-

380 F.3d 670 (2d Cir. 2004); <u>Abney</u> v. <u>McGinnis</u>, 380 F.3d 663 (2d Cir. 2004); <u>Johnson</u> v. <u>Testman</u>, 380 F.3d 691 (2d Cir. 2004); <u>Ortiz</u> v. <u>McBride</u>, 380 F.3d 649 (2d Cir. 2004); <u>Ziemba</u> v. <u>Wezner</u>, 366 F.3d 161 (2d Cir. 2004); <u>Hemphill</u> v. <u>New York</u>, 380 F.3d 680 (2d Cir. 2004).  In <u>Hemphill</u> we "read together" <u>Giano</u>, <u>Abney</u>, <u>Johnson</u>, <u>Ortiz</u> and <u>Ziemba</u> and formulated a three-part test:

> Depending on the inmate's explanation for the alleged failure to exhaust, the court must ask whether administrative remedies were in fact available to the prisoner.  The court should also inquire as to whether the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it, or whether the defendants' own actions inhibiting the inmate's exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense.  If the court finds that administrative remedies were available to the plaintiff, and that the defendants are not estopped and have not forfeited their non-exhaustion defense, but that the plaintiff nevertheless did not exhaust available remedies, the court should consider whether special circumstances have been plausibly alleged that justify the prisoner's failure to comply with administrative procedural requirements.

<u>Hemphill</u>, 380 F.3d at 686 (internal quotation marks and citations omitted).  Because the parties did not address <u>Hemphill</u>, we ordered supplemental briefing in this appeal.  Macias responded by reiterating his argument that he did not need to use the BOP's administrative remedy system because the BOP was only authorized to provide some of the relief he seeks.  In addition, Macias argued for the first time that under <u>Hemphill</u> he had exhausted his claims by putting prison officials on notice of the nature of his grievance, that the BOP's administrative remedy system was

not available to him, and that defendants should be estopped from raising his failure to exhaust as an affirmative defense.

After we received the parties' supplemental briefs, the Supreme Court decided Woodford v. Ngo, 126 S.Ct. 2378 (2006). In Woodford, a prisoner argued that his lawsuit was improperly dismissed under the PLRA because the administrative grievance he filed was rejected by the prison authorities as untimely. 126 S.Ct. at 2384. The prisoner claimed that he had exhausted his administrative remedies because after the prison rejected his grievance, no other administrative remedies were available. Id. The Supreme Court rejected this argument explaining that the PLRA requires "proper exhaustion," meaning that a prisoner must "compl[y] with the system's critical procedural rules" because "[a] prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction" and "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." Id. at 2387-88. We now turn to each of Macias' arguments and, when necessary, we examine Woodford's effect on our PLRA decisions.

A.   Whether Macias' Failure to Exhaust is Excused by the BOP's Inability to Provide All of the Relief He Seeks.

Macias seeks $4 million in damages as well as his "immediate and unco[n]ditional . . . release" from prison. In

addition, in his motion for a temporary restraining order and in other requests for relief submitted to the district court, Macias asked for various forms of injunctive relief, including more responsive medical care and continuous administration of pain medication. Macias argues that he was not required to use the BOP's administrative remedy system to exhaust these claims because the BOP is not authorized to award $4 million in response to an administrative grievance. We do not agree with his argument that exhaustion is not required.

The BOP has a three-tiered administrative remedy system with the stated purpose of "allow[ing] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). The first tier requires the inmate to report informally the issue to the staff, the second tier requires the inmate to file a written remedy request with the Warden, and the third tier requires the inmate to file appeals with the appropriate Regional Director and then with the General Counsel. See 28 C.F.R. §§ 542.13-.15; Johnson, 380 F.3d at 693 (discussing the BOP's administrative remedy system).

It is undisputed that Macias never proceeded beyond the first tier of the BOP's administrative remedy system. Nevertheless, Macias argues that because the BOP's administrative remedy system was authorized to provide only some of the relief he sought, he did not need to file a grievance. The Supreme

Court squarely addressed and rejected Macias' argument in <u>Booth</u> v. <u>Churner</u>, 532 U.S. 731 (2001).  In <u>Booth</u>, a state prisoner brought a 42 U.S.C. § 1983 lawsuit alleging that corrections officers had violated his Eighth Amendment rights by using excessive force and failing to provide adequate medical care. 532 U.S. at 734.  The prisoner sought injunctive relief and money damages.  <u>Id</u>.  The state administrative grievance system did not provide for recovery of money damages.  <u>Id</u>. at 741.  However, the Supreme Court held that under the PLRA the prisoner was still required to file a grievance and complete all three stages of the state's grievance system before proceeding to federal court.  <u>Id</u>.

Macias seeks both injunctive relief and money damages. There is no question that the BOP could have provided the additional medical care and some of the other relief he seeks by responding to a properly filed administrative grievance. However, like the prisoner in <u>Booth</u>, Macias cannot "skip the administrative process simply by limiting prayers for relief to money damages" regardless of whether the BOP was authorized to provide them.  <u>Id</u>.; <u>see</u> <u>also</u> <u>Ruggiero</u> v. <u>County of Orange</u>, 467 F.3d 170, 177 (2d Cir. 2006) ("[<u>Booth</u>] make[s] plain [that under the PLRA] so long as some remedy remains available, failure to exhaust is not excused.").

B.    Whether Macias Procedurally Exhausted His Claims By Filing Administrative Tort Claims and Making Informal Complaints to Prison Officials.

Macias filed two administrative tort claims before he filed his complaint in federal court. Taken together, Macias' tort claims allege that he repeatedly requested medical care for his injuries but the MDC did not provide any, that defendant Annessa refused to provide him with pain medication, that his injuries were getting worse because of the lack of medical care, and that defendant Parker caused him to collapse during a cell search by refusing to allow Macias access to his medication. Macias also alleges that he sent more than 20 sick calls complaining about his lack of medical treatment. Macias argues that under Johnson, his two administrative tort claims and his informal requests for medical attention excuse his failure to exhaust because, although he did not use the BOP's administrative remedy system, his actions "provide[d] enough information about the conduct of which [he] complain[ed] to allow prison officials to take appropriate responsive measures." Johnson, 380 F.3d at 697. Macias' reliance on Johnson is misplaced.

In Johnson we considered whether a prisoner could satisfy the PLRA's exhaustion requirement by raising his grievance in the BOP's disciplinary proceedings and appeals process. 380 F.3d at 694. We remanded the case so that the district court could consider (1) whether under Hemphill, 380

-12-

F.3d 680, and <u>Giano</u>, 380 F.3d 670, the prisoner was justified in believing that his complaints in the disciplinary appeal <u>procedurally</u> exhausted his administrative remedies because the prison's remedial system was confusing, and (2) whether the prisoner's submissions in the disciplinary appeals process exhausted his remedies "<u>in</u> <u>a</u> <u>substantive</u> <u>sense</u>" by "afford[ing] corrections officials time and opportunity to address complaints internally." <u>Johnson</u>, 380 F.3d at 696-98 (emphasis added; alteration omitted). Thus, in <u>Johnson</u> we saw the prisoner's argument as raising two distinct questions -- the former addressed whether the prisoner <u>procedurally</u> exhausted his claims while the latter addressed whether the prisoner <u>substantively</u> exhausted his claims.

Macias does not argue that the BOP's administrative remedy system was so confusing that he reasonably believed he had satisfied the PLRA's exhaustion requirement by filing tort claims and by complaining informally to prison staff.[1] Instead, Macias argues that he procedurally exhausted his claims because his informal complaints and administrative tort claims put the prison on notice of the nature of his grievance. Macias' argument conflates <u>Johnson</u>'s distinction between procedural exhaustion and

---

[1] For this reason, we need not decide what effect <u>Woodford</u> has on <u>Hemphill</u>'s holding that where administrative procedures are confusing "a reasonable interpretation of prison grievance regulations may justify an inmate's failure to follow procedural rules to the letter." <u>Hemphill</u>, 380 F.3d at 690 (citing <u>Giano</u>).

-13-

substantive exhaustion.  Regardless of whether his tort claims or informal complaints put the prison officials on notice of his grievance "in a substantive sense," Johnson makes clear that to satisfy the PLRA a prisoner must also procedurally exhaust his available administrative remedies.  Johnson, 380 F.3d at 697-98 (emphasis added).  Because Macias does not argue that the BOP's administrative remedy system was so confusing that he justifiably believed his administrative tort claims and informal complaints were his only available remedies, Macias has no ground to argue that he procedurally exhausted his claims under Johnson.  See also Woodford, 126 S.Ct. at 2388 (holding that a prisoner must procedurally exhaust his claims by "compl[ying] with the system's critical procedural rules").

Furthermore, while our decision in Braham v. Clancy, 425 F.3d 177, 183 (2d Cir. 2005), might have provided some support for Macias' argument that he procedurally exhausted his claims by providing enough information about his grievance to allow prison officials to take responsive measures, we conclude that Braham does not survive Woodford.  In Braham, a pro se prisoner alleged that prison officials violated his Eighth Amendment rights by refusing to grant his request for a cell change.  425 F.3d at 179.  The district court dismissed the prisoner's lawsuit under the PLRA for failure to exhaust administrative remedies.  Id. at 181.  On appeal, the prisoner

admitted that he had never filed a formal administrative grievance, but argued that he had satisfied the PLRA's exhaustion requirement by submitting several inmate request forms and by complaining informally to prison staff during a disciplinary proceeding. Id. at 183. We remanded the case for the district court to consider whether the prisoner's inmate request forms or the complaints he made during the disciplinary proceeding "provided sufficient notice to the prison officials 'to allow [them] to take appropriate responsive measures.'" Id. at 183 (quoting Johnson, 380 F.3d at 697) (alteration omitted).

Braham expanded Johnson by allowing prisoners to procedurally exhaust their claims by taking "'enough'" informal steps "'to put prison officials on notice'" of their concerns, regardless of whether they utilize the prison's formal grievance procedures. Braham, 425 F.3d at 183 (quoting Johnson, 380 F.3d at 696). However, after Woodford, notice alone is insufficient because "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance" and "[t]he prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules." Woodford, 126 S.Ct. at 2388. Macias did not comply with the BOP's critical procedural rules, and under Woodford, he cannot satisfy the PLRA's exhaustion requirement solely by filing two administrative tort

claims, or by making informal complaints to the MDC's staff. "[A]lert[ing] the prison officials as to the nature of the wrong for which redress is sought," Braham, 425 F.3d at 184 (internal quotation marks omitted), does not constitute "proper exhaustion" under Woodford. See Woodford, 126 S.Ct. at 2388. Therefore, to the extent that Braham allowed for less than "proper exhaustion" of claims under the PLRA, Braham has been overruled.

C. Whether the Threats Macias Alleges He Received Rendered the BOP's Administrative Remedies Unavailable, or Whether Those Threats Should Estop Defendants From Raising the Affirmative Defense of Non-exhaustion.

Macias alleges in his complaint that on January 24, 2003 defendant Parker denied Macias access to his medication during a cell search causing him to collapse. Macias also alleges that Parker denied him food by ordering him not to ask other inmates to help him with his lunch tray and by telling him that if he could go to the law library on crutches, he could carry his food tray on crutches. In response to our order to provide supplemental briefing discussing the impact Hemphill and Johnson had on his case, Macias argued for the first time that Parker threatened him during the course of the January 24 incident and that these threats, under Hemphill, rendered his administrative remedies unavailable, or in the alternative, that those threats estop defendants from raising the affirmative

-16-

defense of non-exhaustion.[2]

When the district court dismissed Macias' suit we had not decided Hemphill, 380 F.3d 680, and we had only recently decided Ziemba, 366 F.3d 161. These two cases considered the effect that prison officials' threats might have on the PLRA's exhaustion requirement. In Hemphill, the prisoner filed suit under 42 U.S.C. § 1983 alleging that prison administrators denied him medical attention in violation of the Eighth Amendment. 380 F.3d at 681. The prisoner also claimed that he had been threatened by corrections officers and beaten prior to filing his complaint. Id. at 684. The district court dismissed the prisoner's suit in its entirety for failure to procedurally exhaust his medical indifference claim. Id. at 682. On appeal, the prisoner argued that his failure to exhaust should be excused because the threats he endured rendered "procedures that would ordinarily be available . . . effectively unavailable." Id. at 687. We remanded the case because "[a]s a court of appeals dealing with a limited record" we could not say "whether some seemingly available remedies were rendered unavailable by the threats Hemphill received." Id. at 688.

---

[2] We consider Macias' argument regarding Parker's alleged threats, which he did not raise before the district court, because we decided Hemphill after the district court issued its decision, and in the proceedings below Macias "justifiably tried to counter the arguments defendants made and did so on the basis of the law as it was then established." Hemphill, 380 F.3d at 688.

As in <u>Hemphill</u>, here we also cannot determine whether the remedies offered to Macias were rendered unavailable by Parker's alleged threats, or whether some of the MDC defendants should be estopped from asserting non-exhaustion as a defense. <u>Hemphill</u>, 380 F.3d at 688-89; <u>see</u> <u>also</u> <u>Ziemba</u>, 366 F.3d at 163 (holding that a defendant's exhaustion defense is subject to estoppel where a prisoner claimed that he was beaten, threatened, and denied grievance forms and writing materials). However, because Macias alleges that Parker did not threaten him until January 24, 2003, even if Macias can establish that he was threatened, those threats are only relevant to events that occurred after January 4, 2003. Macias could not have been deterred, and defendants should not be estopped, for earlier conduct that did not impact his ability to file a timely grievance. <u>See</u> 28 C.F.R. § 542.14(a) (a formal administrative remedy must be submitted to the warden within 20 days of the event complained of).

D. <u>Whether the District Court's Judgment Should be Affirmed on Alternative Grounds Presented to But Not Reached by the District Court</u>.

Defendants contend that we should affirm the district court's judgment on grounds that were presented to but not reached by the district court, arguing that Macias failed to state an Eighth Amendment claim for medical indifference and that some defendants are entitled to qualified immunity or absolute

-18-

immunity. However, at this stage in the proceedings, and taking all of Macias' factual allegations as true and drawing all reasonable inferences in his favor, see Faulkner, 463 F.3d at 133, we cannot say at this time that defendants were immune from suit or that Macias has failed to state a Bivens claim. Therefore, we must leave the resolution of these issues in the first instance to the district court on remand.

CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed in part, vacated in part, and the case is remanded for further proceedings. On remand the district court should consider whether the BOP's administrative procedures were rendered unavailable by Parker's allegedly threatening behavior. "The test for deciding whether the ordinary grievance procedures were available must be an objective one: that is, would a similarly situated individual of ordinary firmness have deemed them available." Hemphill, 380 F.3d at 688 (internal quotation marks omitted). The district court should also consider whether the MDC defendants' non-exhaustion defense is barred by equitable estoppel and "depending on the facts pertaining to each defendant, it is possible that some individual defendants may be estopped, while others may not be." Id. Of course, we take no position on whether Macias can establish that his remedies were rendered unavailable or whether some of the MDC defendants should

-19-

be estopped from asserting non-exhaustion.  We affirm the district court's judgment in all other respects.