**Kenneth CUNNINGHAM, Plaintiff–Appellant,**

v.

**The DEPARTMENT OF CORRECTIONAL SERVICES, W.E. Phillips, Green Haven Correctional Facility Superintendent, Dr. Carl J. Keonigsmann, Medical Director, Green Haven Correctional Facility, Hari Chakravorty, Green Haven Correctional Facility Health Provider, Dr. Weinstein, Green Haven Correctional Facility Psychiatrist, Dr. Harry Mamis, Green Haven Correctional Facility Optometrist, Defendants–Appellees.**

No. 05–5072–pr.

United States Court of Appeals, Second Circuit.

Nov. 16, 2007.

Sarah E. McCallum, Skadden, Arps, Slate, Meagher & Flom LLP (Preeta D. Bansal, on the brief), New York, NY, for Plaintiff–Appellant.

David Lawrence III, Assistant Solicitor General (Andrew M. Cuomo, Attorney General of the State of New York, Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior Counsel, on the brief), New York, NY, for Defendants–Appellees.

PRESENT: Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Kenneth Cunningham ("Cunningham"), a New York State inmate, appeals from an order, dated June 22, 2005, of the United States District Court for the Southern District of New York (Brieant, J.) dismissing his *pro se* action commenced under 42 U.S.C. § 1983 against the Department of Correctional Services ("DOCS"); W.E. Phillips, Superintendent of the Green Haven Correctional Facility ("Green Haven"); Dr. Carl Keonigsmann, Medical Director at Green Haven; and Drs. Hari Chakravorty, Steven Weinstein, and Harry Mamis, medical providers at Green Haven (collectively, the "Defendants"), alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment. The only claim before us in this appeal concerns Cunningham's allegation that he was de-

nied two Bicillin injections prescribed to him for continuing treatment of syphilis. We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review *de novo* the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), accepting as true all factual allegations pleaded in the complaint and drawing all inferences in the plaintiff's favor. *See Macias v. Zenk*, 495 F.3d 37, 40 (2d Cir.2007). We also review *de novo* "a district court's ruling on whether a plaintiff whose claim is governed by the PLRA has exhausted administrative remedies." *Ortiz v. McBride*, 380 F.3d 649, 653 (2d Cir.2004).

The district court dismissed Cunningham's complaint based on the Defendants' representations that Cunningham filed one medical grievance that did not raise the denial of Bicillin injections. On appeal, the state located prison records revealing that Cunningham did, in fact, file a separate grievance complaining about the denial of the second and third Bicillin injections prescribed to him. Defendants now argue on appeal that Cunningham failed to complete the administrative process for the separate grievance, GH 53735–04. We do not entertain arguments not raised below. *See Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir.2005). The late disclosure of documents frustrated effective review by the district court of the motion to dismiss and any potentially applicable equitable defenses. Accordingly, we vacate and remand the dismissal of Cunningham's complaint insomuch as it relates to the denial of Bicillin injections, and we hold that the Defendants are precluded from asserting failure to exhaust with respect to this claim. *Cf. Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir.2004) (outlining three-part inquiry for the court when an inmate "plausibly seeks to counter" the defense of failure to exhaust).

We AFFIRM in part the judgment of dismissal with respect to Dr. Weinstein and Dr. Mamis, because the claims against them do not relate to the failure to provide Bicillin injections. For the reasons stated above, we VACATE the district court judgment of dismissal against the remaining Defendants and REMAND to the district court for further proceedings consistent with this order.