David BENJAMIN, Plaintiff–Appellant,

v.

COMMISSIONER OF the CORRECTIONAL DEPARTMENT OF the STATE OF NEW YORK, Commissioner Goord, Correctional Officer Charles O'Connor, Defendants–Appellees.

No. 07–3845–pr.

United States Court of Appeals, Second Circuit.

Sept. 18, 2008.

David Benjamin, pro se, for Plaintiff–Appellant.

David Lawrence III, Assistant Solicitor General (Andrew M. Cuomo, Attorney General, on the brief, Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior Counsel, Division of Appeals & Opinions, of counsel), Office of the Attorney General of the State of New York, New York, NY, for Defendant–Appellees.

PRESENT: JOSÉ A. CABRANES, ROBERT A. KATZMANN, Circuit Judges, and EDWARD R. KORMAN, District Judge.*

## SUMMARY ORDER

Plaintiff-appellant David Benjamin, *pro se* and incarcerated, appeals from a grant of summary judgment entered by the District Court on August 13, 2007, 2007 WL 2319126, in favor of defendants. The District Court found that Benjamin failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a), yet did not reach the question of whether Benjamin had valid grounds for not using the proper grievance procedures. On appeal, Benjamin argues that the District Court did not adequately consider (1) whether administrative remedies were made unavailable by threats of retaliation and (2) whether individual defendants who allegedly threatened retaliation were estopped from advancing an exhaustion defense. Appellant's Br. at 3. Although we assume the parties' familiarity with the facts and procedural history of the case, we find it useful to revisit key portions of that history here.

---

* The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

In February 2002, Benjamin filed a complaint pursuant to 42 U.S.C. § 1983 against Commissioner Glenn Goord of the New York State Department of Correctional Services and Correctional Officer Charles O'Connor,[1] alleging that his Eighth Amendment right to be free from cruel and unusual punishment was violated. In July 2002, the District Court dismissed Benjamin's complaint without prejudice for failure to exhaust his administrative remedies. In January 2005, on appeal, we vacated the judgment of the District Court and remanded for further proceedings ("January 2005 Order"). Specifically, in light of our then recent decision in *Johnson v. Testman*, 380 F.3d 691 (2d Cir.2004), we instructed the District Court to determine whether Benjamin's allegations against the defendants in his disciplinary proceedings "sufficed to put [defendants] on notice and provide them an opportunity to address the complaint internally, thereby rendering his claims exhausted." Appellee's App. at 95. We further instructed that if the District Court were to conclude that Benjamin did not administratively exhaust his claims, that the District Court should determine, in light of our decisions in *Hemphill v. New York*, 380 F.3d 680 (2d Cir.2004), and *Giano v. Goord*, 380 F.3d 670 (2d Cir.2004): "(1) whether [Benjamin]'s fear of retaliation based on his previous experience with pursuing an administrative grievance rendered the administrative procedures unavailable; (2) if the administrative procedures were available, whether the [defendants] were estopped from asserting failure to exhaust as a defense; and (3) if administrative remedies were available and one or both of the [defendants] were not estopped from asserting failure to exhaust as a defense, whether [Benjamin] was justified in not pursuing a grievance in accordance with the grievance procedures set forth by the New York Department of Correctional Services." Appellee's App. at 95.

On remand, defendants moved for summary judgment, arguing, *inter alia*, that Benjamin had failed to exhaust his administrative remedies, and that any alleged threats of retaliation did not render the grievance procedure unavailable. *See* ROA doc. 45. In August 2007, the District Court granted the defendants' motion for summary judgment in its entirety, stating that in light of the Supreme Court's holding in *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) and our holding in *Macias v. Zenk*, 495 F.3d 37 (2d Cir.2007), it could not conclude that the excessive force claim was exhausted.[2] Benjamin filed a timely notice of appeal soon after. In February 2008, we found that to the extent Benjamin "may argue on appeal that the district court did not adequately consider, as required by the mandate on remand, (a) whether administrative remedies were made unavailable by threats of retaliation and (b) whether individual defendants who allegedly threatened retaliation were estopped from advancing an exhaustion defense, the appeal is not frivolous." U.S.C.A. Dkt. Sht. at 2/29/08 Entry (Order).

1. The District Court noted in footnote 1 of its March 28, 2006 order that although the complaint identified the defendant as Charles O'Connor, "subsequent submissions to this court suggest that the correct name of the officer in question is Kevin O'Connor." Appellee's App. at 126, n. 1.

2. The District Court noted that notice was no longer valid in light of *Woodford*: "In light of the Supreme Court's unequivocal pronouncement that formal exhaustion is required under the PLRA, and the Second Circuit's interpretation of *Woodford* in *Macias*, we conclude that Benjamin has not adequately exhausted his administrative remedies on his excessive force claim." Appellee's App. at 46.

Based on a review of the record, we agree with Benjamin that the District Court did not reach all of the questions we identified in our January 2005 Order. We must therefore remand to the District Court to allow it to make these determinations.

Accordingly, the judgment of the District Court is **VACATED** insofar as it granted summary judgment to defendants on the basis of plaintiff's failure to exhaust his administrative remedies and **REMANDED** to determine whether (1) administrative remedies were made unavailable by threats of retaliation and (2) individual defendants who allegedly threatened retaliation were estopped from advancing an exhaustion defense.