Stewart v. Suffolk County Sheriff's Office

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand twenty.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> GERARD E. LYNCH,
> > *Circuit Judge,*
> LEWIS A. KAPLAN,*
> > *District Judge.*

_____

Jesse L. Stewart, Jr.,

> *Plaintiff-Appellant,*

> v.                                                                    19-115

Suffolk County Sheriff's Office, Sergeant Kevin Daly, Corrections Officer Andrew Leto, Corrections Officer Thomas Saladino, Corrections Officer Thomas Williams, The County of Suffolk,

> *Defendants-Appellees,*

Mr. Vincent F. DeMarco, Lt. McCauley, (Ms-Call-ee), Jail Medical Department, c/o John Doe #1,

---

* Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

John Doe #2,

*Defendants.*

_____

FOR PLAINTIFF-APPELLANT:                          Jesse L. Stewart, Jr., pro se,
                                                  Moravia, NY.

FOR DEFENDANTS-APPELLEES:                          Brian C. Mitchell, Suffolk
                                                  County Attorney's Office,
                                                  Hauppauge, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Azrack, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Jesse Stewart, Jr., pro se, sued Suffolk County, the Suffolk County Sheriff's Department, and four of its employees under 42 U.S.C. § 1983 for violations of his due process and Eighth Amendment rights. The district court granted summary judgment to the defendants on the grounds that Stewart failed to exhaust administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), and Stewart appeals.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any

_____

[1] In connection with his appeal, Stewart has moved for "reversal and remitture for evidentiary hearing if needed based upon appeal grounds trial ordered in matter." Stewart's motion does not appear to request any relief other than a favorable decision on the merits of his appeal.

material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other [f]ederal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA requires "proper exhaustion" of administrative remedies, meaning exhaustion in "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *see also Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007) ("Alerting the prison officials as to the nature of the wrong for which redress is sought does not constitute 'proper exhaustion' under *Woodford*." (internal alterations, quotation marks, and citation omitted)). However, prisoners are exempt from the exhaustion requirement when administrative remedies are "unavailable." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). An administrative procedure may be unavailable when (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) it is "so opaque that it becomes, practically speaking, incapable of use;" or (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Williams v. Priatno*, 829 F.3d 118, 123–24 (2d Cir. 2016) (quoting *Ross*, 136 S. Ct. at 1859–60); *see also id.* at 123 n.2 (suggesting this list may not be exhaustive).

As a preliminary matter, Stewart argues that the defendants waived the defense that he failed to exhaust administrative remedies by failing to assert it in their answer to his second

3

amended complaint. *See Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir. 2004) (holding that failure to exhaust is an affirmative defense that can be waived if defendants fail to raise it). He is incorrect: the defendants asserted as their twelfth affirmative defense that his claim was barred by the PLRA.

Stewart next argues that he exhausted administrative remedies by making an internal affairs complaint, or that he was thwarted from taking advantage of the inmate grievance program by the inmate handbook's misrepresentation that an internal affairs complaint was equivalent to a grievance. These arguments are unavailing. Proper exhaustion entails "using *all* steps that the agency holds out." *Woodford*, 548 U.S. at 90 (emphasis added) (internal quotation marks omitted). The inmate handbook provided that abuses could be reported to the internal affairs unit "and/or" through the inmate grievance program, and it is uncontested that Stewart did not take any of the steps to file a complaint through the inmate grievance program. Although either method of reporting would trigger an investigation within the Sheriff's Office, the handbook makes clear that they are not equivalent: for instance, an inmate appears entitled to a ruling and an opportunity to challenge investigators' conclusions within the agency only for reports made through the inmate grievance program. Accordingly, Stewart's internal affairs report did not satisfy the PLRA's administrative exhaustion requirement, and no ambiguity or misstatement in the inmate handbook rendered its administrative remedies unavailable to him.

Stewart's remaining arguments, which largely concern the availability of the inmate grievance program or the validity of the PLRA, are either not properly before us because they are

4

raised for the first time on appeal, *see Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2008), or lack merit.

Accordingly, we **AFFIRM** the judgment of the district court.  Stewart's motion for reversal and remitter is **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court