19-256-cv
Taylor v. New York City Department of Corrections

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand twenty-one.

PRESENT:
　　　　AMALYA L. KEARSE,
　　　　ROBERT A. KATZMANN,
　　　　SUSAN L. CARNEY,
　　　　　　*Circuit Judges.*

_____

Roy Taylor,

　　　　　　*Plaintiff-Appellant*,

　　　v.　　　　　　　　　　　　　　　　　　19-256

New York City Department of Corrections, New York State Department of Corrections and Community Supervision, Otis Bantum Correctional Center Correction Officer Cruz, Coordinator Kelly, Santiago, Security Correction Officer Thompson, Otis Bantum Correctional Center Warden Wettenstein, Social Services Counselers, Berry and Hakim, Otis Bantum Correctional Center Captain Elam, Otis Bantum Correctional Center Clothes Box Correc Ellis, EMT/DEP Warden Nance, Social Services Counselers, Defendant Social Service Counselors Mr. Moore & Dentry, Administrative Law Judge Eva Urrutia, New York State Department of Corrections Paroe Chairman, Tina Stanford and

**Senior Probation Officer B. Crome, Counselor Berry, Counselor Hakim, Counselor Moore, Counselor Gentry, Coordinator Mulvanny, Eric M. Taylor Center Corredtion Officer Dunson, Eric M. Taylor Center Clothes Box Correction Offic Scipion, Otis Bantum Correctional Center Grievance Coordina Kennedy, Otis Bantum Correctional Center Correction Officer Smith,**

*Defendants-Appellees.*

FOR PLAINTIFF-APPELLANT: Roy Taylor, pro se, East Elmhurst, NY.

FOR DEFENDANTS-APPELLEES: Jamison Davies, Nwamaka Ejebe, Scott Nathan Shorr, Melanie Tharamangalam West, *for* James E. Johnson, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Vitaliano, *J.*; Tiscione, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Roy Taylor, pro se and incarcerated in New York State, sued various prison officials under 42 U.S.C. § 1983 in 2014 after he was subjected to lockdown measures stemming from violent conduct by other inmates. He principally alleged that he was given inadequate clothing in prison, and that he experienced difficulty in mailing legal correspondence and accessing legal services. He alleged further that although he filed numerous grievances about these conditions, some of those grievances went unanswered. The Inmate Grievance and Request Program ("IGRP") in place at the facility where he was incarcerated allowed an inmate to appeal grievances to which no response was received. It provided that, in such circumstances, the inmate

was to submit a written request for an appeal. D. Ct. ECF doc. 82-1 at 15 ("In the event that the inmate does not receive a timely disposition at any stage of the IGRP process, the inmate may submit a request for an appeal (to proceed to the next step of the IGRP process) through the use of the IGRP Disposition Form . . . ."). Taylor concedes, however, that he did not appeal the denial of, or lack of response to, any of his grievances. The district court granted the prison officials' motion for summary judgment, holding that Taylor's failure to exhaust his available administrative remedies precluded him from pursuing his claims in court. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, and refer to them only as needed to explain our decision to affirm the district court's judgment.

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

## I.  Waiver

On appeal, Taylor asserts that documents relied on by the district court in its ruling on summary judgment were falsified and argues that the court's ruling was erroneous as a result. He did not raise this issue in the district court, however, and he does not identify which documents were false or who falsified them. He also contends for the first time on appeal that the exhaustion requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), did not apply to him because he had been "bailed out of jail." Appellant's Br. at 8. We decline to address

these issues, which are raised for the first time on appeal. *Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016); *Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (pro se appellant forfeited all claims against an appellee by mentioning the adverse district court ruling only "obliquely and in passing."); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).

In addition, in July 2019 this Court ordered the parties to brief the following issues in connection with this appeal: "(1) whether administrative remedies were available to Appellant after his August 2013 grievance resulted in an informal resolution providing the requested relief, but this relief was not implemented, *see Abney v. McGinnis*, 380 F.3d 663, 669 (2d Cir. 2004); and (2) whether, to exhaust his administrative remedies, Appellant was required to appeal the favorable resolution of his November 2013 grievance." 2d Cir. Dkt. 19-256, doc. 43. Taylor did not brief these issues, and has therefore waived them as a basis for appeal. *See generally United States v. Olano*, 507 U.S. 725, 733 (1993) (a right intentionally abandoned or relinquished is waived, making appellate review unavailable).

## II. PLRA Exhaustion

The PLRA provides that an inmate, before he brings a federal lawsuit complaining of prison conditions, must exhaust administrative remedies and must do so in "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *see* 42 U.S.C. § 1997e(a); *see also Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007) ("Alerting the prison officials as to the nature of the wrong for which redress is sought does not constitute proper exhaustion under *Woodford*.") (internal alterations, quotation marks, and citation omitted).

4

Prisoners need not comply with the exhaustion requirement, however, when administrative remedies are "unavailable." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). An administrative procedure will be treated as unavailable for purposes of this exemption in at least three circumstances: (1) when "'it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates'"; (2) when it is "'so opaque that it becomes, practically speaking, incapable of use'"; or (3) when "'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Williams v. Priatno*, 829 F.3d 118, 123–24 (2d Cir. 2016) (quoting *Ross*, 136 S. Ct. at 1859–60); *see also id.* at 123 n.2 (suggesting that this list may not be exhaustive).

Taylor argues that the prison's administrative remedies were unavailable to him because prison officials did not respond to his grievances. He also maintains that the PLRA did not require him to exhaust his administrative remedies because he sought a remedy that would have resulted in the prison having to impose discipline on staff, and that such issues are "nongrievable." Appellant's Br. at 6.  He also argues that because he notified outside agencies of his grievances, exhaustion was not required.  Liberally construing his submission on appeal, we understand Taylor to contend further that prison officials thwarted his efforts to take advantage of the grievance process, although he does not elaborate on how they did so.  We reject each of these contentions.

The prison officials' failure to respond to some of Taylor's grievances did not render the IGRP administrative procedure unavailable.  *See Williams*, 829 F.3d at 123–24. The IGRP contemplates that prison officials might not always respond to inmates' grievances. It sets forth the procedure to follow in such circumstances.  Further, Taylor testified that he was familiar with

5

these procedures. In other words, Taylor knew the steps that he was required to take to exhaust his administrative remedies; he just chose not to follow them. The administrative exhaustion process is not unavailable for purposes of the PLRA when an inmate simply chooses not to avail himself of it. *See Ross*, 136 S. Ct. at 1856 (a court "may not excuse a failure to exhaust," even to take into account "special circumstances"). We also find no support for Taylor's contention that he was exempt from the exhaustion requirement because he attempted to resolve his issues by contacting agencies outside the prison, such as the Prisoner's Rights Project. The IGRP states only that, before an inmate "seek[s] relief from an external entity, like the courts or another agency, [he] should file [his] grievance or request with this program." D. Ct. ECF doc. 82-1 at 37. Contacts with outside entities have no bearing on an inmate's fulfillment of his obligation to exhaust remedies.

Taylor next urges that his grievances seeking discipline of prison staff were "nongrievable," such that exhaustion was not required. The IGRP addresses staff discipline in this context as follows:

> Requests for the removal of a Department employee from an assignment, or the censure, discipline or termination of a Department employee are not subject to the IGRP process. The grievance or request, including any substantive issue that prompted such a request, will otherwise be processed in the ordinary course as described in this directive. The IGRP staff shall forward the complaint seeking discipline of staff to the staff commander's commanding officer.

D. Ct. ECF doc. 82-1 at 6.

The summary judgment records shows that Taylor filed at least five grievances requesting that prison staff be reprimanded or otherwise disciplined. It appears that the IGRP does not outline an appropriate mechanism for seeking a remedy of staff discipline. But even if Taylor did

exhaust his administrative remedies for grievances that requested staff discipline (or was unable to, because the IGRP does not set forth a procedure), these grievances did not form the basis of this lawsuit. Rather, his lawsuit is predicated on his allegedly unconstitutional conditions of confinement and lack of access to the courts. The substantive issues underlying grievances requesting discipline are subject to the IGRP process. Since the conditions-of-confinement and access-to-courts claims were grievable, and therefore subject to the IGRP appeals process, Taylor's failure to appeal the non-responses to these grievances constituted a failure to exhaust his administrative remedies. *Cf. Davis v. Barrett*, 576 F.3d 129, 132–133 (2d Cir. 2009).

Finally, even liberally construing Taylor's assertion on appeal that prison officials thwarted his attempts to take advantage of the grievance process, he has not provided any example as to how they did so, except for their failure to respond to his grievances. He does not assert that prison officials took any action to prevent him from utilizing the grievance process, let alone that they engaged in "'machination, misrepresentation, or intimidation'" to that end. *Williams*, 829 F.3d at 123–24 (quoting *Ross*, 136 S. Ct. at 1860). Further, his numerous grievances, some of which were resolved in his favor, demonstrate that any such attempts to thwart him did not render the administrative process unavailable.

We have considered all of Taylor's remaining arguments and find in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7