SUMMARY ORDER

Appellant Michael Chavis, pro se, appeals the district court’s grant of summary judgment in favor of the defendants, dismissing his 42 U.S.C. § 1983 complaint alleging that the defendants violated his right to freely exercise his religion by ordering him to work on a Sunday, retaliated against him for exercising his constitutional rights, and violated his due process rights by depriving him of his personal property. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
This Court reviews an order granting summary judgment de novo, and asks whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir.2003). In determining whether there are genuine issues of material fact, this Court is “required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.” Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir.2003) (internal quotation marks omitted).
The Prison Litigation Reform Act (“PLRA”) provides that “[n]o action shall be brought with respect to prison conditions under section 1983 ... or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.” 42 U.S.C. § 1997e(a). “[T]he PLRA’s exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.” Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). The Supreme Court held that “the PLRA exhaustion requirement requires proper exhaustion.” Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). That is, “prisoners must ‘complete the administrative review process in accordance with the applicable procedural rules’ — rules that are defined not by the PLRA, but by the prison grievance process itself.” Jones v. Bock, 549 U.S. 199, 218, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (quoting Woodford, 548 U.S. at 88, 126 S.Ct. 2378). New York provides a three-tiered grievance procedure for inmates complaining of the conditions of their confinement. See 7 N.Y. Comp. Codes R. & Regs. tit. 7 § 701.7. A sepa *643 rate procedure exists for inmate property claims, in which the second level of review is ultimately to the New York Court of Claims. See 7 N.Y. Comp.Codes R. & Regs. tit. 7, § 1700.3(b).
When a plaintiff seeks to counter a contention that he has failed to exhaust administrative remedies under the PLRA, we have held that the proper inquiry is whether: (1) “administrative remedies were in fact ‘available’ to the prisoner”; (2) “the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it ... or whether the defendants’ own actions inhibiting the inmate’s exhaustion of remedies may estop one or moré of the defendants from raising the plaintiffs failure to exhaust as a defense”; and (3) “special circumstances” have been plausibly alleged that justify “the prisoner’s failure to comply with administrative procedural requirements.” See Hemphill v. New York, 380 F.3d 680, 686 (2d Cir.2004) (internal quotation marks omitted). With regard to the third prong, we have found that special circumstances may exist where the prison grievance regulations are confusing and the prisoner relies upon a reasonable interpretation of those regulations. See id. at 690; Giano v. Goord, 380 F.3d 670, 678 (2d Cir.2004). We have not yet decided whether that rule has survived Woodford. See Macias v. Zenk, 495 F.3d 37, 43 n. 1 (2d Cir.2007). However, it is not necessary to do so in this ease.
Here, it is undisputed that Appellant did not pursue any administrative remedies other than the appeals from the dispositions of his disciplinary hearings. With regard to the first Hemphill factor, the district court properly found that there were administrative remedies available to Appellant- — specifically the grievance procedures and the property claim procedures. Insofar as Appellant argues for the first time on appeal that the remedy offered by the property claim procedures was inadequate, that argument is waived. See Virgilio v. City of New York, 407 F.3d 105, 116 (2d Cir.2005) (holding that generally, a court of appeals will not consider an issue raised for the first time on appeal). It is, in any event, without merit, in light of our holding that “so long as some remedy remains available, failure to exhaust is not excused.” Ruggiero v. County of Orange, 467 F.3d 170, 177 (2d Cir.2006). The district court also properly found, with regard to the second Hemphill factor, that the defendants had not forfeited the defense of non-exhaustion, nor should they be estopped from raising it for any reason. Regarding the third Hemphill factor, the district court properly found that Appellant had not alleged any special circumstances surrounding his failure to exhaust his property claim. Appellant acknowledges the existence of a separate procedure for pursuing property claims. Accordingly, we find that Appellant’s due process claim was properly dismissed for lack of exhaustion.
Although Appellant’s failure to exhaust his free exercise and retaliation claims could arguably be excused by his reasonable interpretation of the grievance procedures, as in Giano, we affirm the dismissal of those claims on the ground that the defendants were entitled to judgment as a matter of law. See ACEquip Ltd. v. Am. Eng’g Corp., 315 F.3d 151, 155 (2d Cir.2003) (“Our court may ... affirm the district court’s judgment on any ground appearing in the record, even if the ground is different from the one relied on by the district court.”). To succeed on a § 1983 claim based on the violation of the right to free exercise of religion, Appellant would have to show that the beliefs professed were “sincerely held” and that the challenged practice or policy burdened his exercise of those beliefs. See Ford v. *644 McGinnis, 352 F.3d 582, 588, 591 (2d Cir.2003). Here, Appellant did not allege any specific burden on his religious belief, and the defendants were therefore entitled to summary judgment on this ground.
Likewise, Appellant cannot show that he engaged in constitutionally protected conduct as the basis for his retaliation claim and, in any event, the defendants were entitled to summary judgment because there were non-retaliatory reasons for their conduct, where Appellant did not dispute that he had disobeyed orders, which was, in part, the basis for the misbehavior reports. See Hynes v. Squillace, 143 F.3d 653, 657 (2d Cir.1998). Finally, to the extent that Appellant’s complaint could be construed to be raising a claim under the Religious Land Use and Institutionalized Persons Act, he has abandoned that claim on appeal. See LoSacco v. City of Middletown, 71 F.3d 88, 92-93 (2d Cir.1995).
Accordingly, there is no basis on which to challenge the judgment of the district court, and it is hereby AFFIRMED.