Jose **TORRES**, Plaintiff,

v.

**Sergeant CARRY et al., Defendants.**

No. 08 Civ. 8967(VM).

United States District Court,
S.D. New York.

Aug. 19, 2009.

Jose Torres, Fallsburg, NY, pro se.

Inna Reznik, Attorney General of the State of New York, New York, NY, for Defendants.

### *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

Pro se plaintiff Jose Torres ("Torres") brought this action pursuant to 42 U.S.C. § 1983 ("§ 1983") against the New York State Department of Correctional Services ("DOCS"), Green Haven Correctional Facility ("Green Haven"), Sergeant Daniel P. Carey, sued as "Sergeant Carry," ("Carey"), Sergeant Clark, sued as "Sergeant Clare," ("Clark"), and Correction Officer Edgard ("Edgard"). Torres's complaint alleges violations of his constitutional and statutory rights arising from the use of excessive force by Green Haven corrections officers. Defendants Carey and Green Haven (collectively, "Defendants") now move to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Rule 12(b)(1)" and "Rule 12(b)(6)") on the grounds that: (1) Torres failed to exhaust his administrative

remedies, and (2) Defendants are immune from suit under the Eleventh Amendment to the United States Constitution.[1] For the reasons discussed below, Defendants' motion to dismiss Torres's complaint is GRANTED, but the complaint will be dismissed without prejudice.

## I. BACKGROUND [2]

Torres alleges that on September 15, 2005, while incarcerated at Green Haven, he was stopped and frisked by Edgard. Although Torres complied with Edgard's order to place his hands on the wall, Edgard slammed Torres's face against the wall and threw him to the ground. On Clark's instructions, Edgard proceeded to kick and stomp on Torres's hand, neck, and lower back while other unnamed officers held Torres to the ground. Torres further alleges that Carey also kicked, punched, and verbally assaulted him. Torres sustained a fracture to his right hand and a sprained back and neck.

On September 15, 2005, Torres filed an Inmate Grievance Complaint. In response, the DOCS Inmate Grievance Program conducted an initial investigation and issued an undated report (the "Investigative Report") which stated, "Based on staff denials and inconclusive and conflicting testimony of inmate witnesses, no evidence was reviewed that would substantiate inmate Torres's allegations that he was assaulted by staff." (See Reznik Decl., Ex. C (Investigative Report).) The Green Haven Superintendent, Robert Ercole, also responded to Torres's grievance on October 25, 2005, informing Torres that the Inspector General's Office was investigating the matter. Torres further alleges that he filed an appeal to the Central Office Review Committee ("CORC") and contacted the Inspector General, as well as persons he describes as Green Haven Security Captain Kaiser and the Chief Counselor of DOCS, but that he received no responses.

On July 21, 2008, Torres filed his Complaint with the Pro Se Office, claiming a right to relief under the Eighth Amendment for mental and physical injuries that he sustained from the incident.

On June 5, 2009, Defendants filed a motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6) on the grounds that: (1) Torres failed to exhaust his administrative remedies; and (2) the Court lacks subject matter jurisdiction because Defendants have sovereign immunity under the Eleventh Amendment.

## II. DISCUSSION

### A. LEGAL STANDARD

■ "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

1. Defendants' motion indicates that it was not submitted on behalf of the other named defendants, as none of them were served with process.

2. The summary below derives from the submissions of Torres and Defendants and the exhibits attached thereto, including: the complaint, dated July 21, 2008 ("Complaint"); Memorandum of Law in Support of Defendants' Motion to Dismiss, dated June 5, 2009; Plaintiff's Reply to Defendants' Motion to Dismiss, dated July 17, 2009 ("Pl.'s Opp'n"); and Declaration of Inna Reznik, dated June 5,

2009 ("Reznik Decl."). Except where specifically referenced, no further citation to these sources will be made.

In deciding a motion to dismiss, the Court may consider any documents that are attached to, referenced in, or integral to the preparation of the pleadings. See Miller v. Lazard, Ltd., 473 F.Supp.2d 571, 578 (S.D.N.Y.2007), The Court accepts all well-pleaded facts in the non-movant's pleading as true for the purpose of ruling on a motion to dismiss. See Spool v. World Child Int'l Adoption Agency, 520 F.3d 178, 180 (2d Cir.2008).

*Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court must accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002).

■ In the case of a pro se litigant, the Court reads the pleadings leniently and construes them to raise "the strongest arguments that they suggest." *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir. 1999) (citations and internal quotation marks omitted). This guidance applies with particular force when the plaintiff's civil rights are at issue. *See McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004); *see also Flaherty v. Lang,* 199 F.3d 607, 612 (2d Cir.1999). To survive a Rule 12(b)(6) motion to dismiss, however, a pro se plaintiff's factual allegations must be at least "enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955.

■ To state a claim under § 1983, Torres must show that while acting under color of state law, Defendants deprived him of his federal constitutional or statutory rights. *See McKithen v. Brown,* 481 F.3d 89, 99 (2d Cir.2007). The use of excessive physical force against a prisoner may in certain circumstances give rise to a cognizable claim under the Eighth Amendment. *See, e.g., Wright v. Goord,* 554 F.3d 255, 268 (2d Cir.2009).

**B.** *EXHAUSTION OF ADMINISTRATIVE REMEDIES*

■ The Prison Litigation Reform Act of 1995 ("PLRA") states in relevant part, "No action shall be brought with respect to prison conditions under [§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This administrative exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). "When an inmate fails to satisfy the PLRA's exhaustion requirements prior to filing his complaint, the court must dismiss the complaint and require that the plaintiff exhaust his remedies before refiling." *Burns v. Moore,* No. 99 Civ. 0966, 2002 WL 91607, at *3 (S.D.N.Y. Jan. 24, 2002).

DOCS maintains a three-tiered administrative review and appeals system for prisoner grievances. *See* N.Y. COMP. CODES R. & REGS. ("NYCRR") tit. 7, § 701.5. Prior to pursuing a § 1983 action in federal court, a prisoner in the DOCS system must exhaust all three levels. *See Porter,* 534 U.S. at 524, 122 S.Ct. 983. First, an inmate may file an inmate grievance complaint form or a written grievance, if forms are not available, with the Inmate Grievance Resolution Committee ("IGRC"). *See* 7 NYCRR § 701.5(a). Second, if the inmate is dissatisfied with the IGRC decision, he may appeal to the prison superintendent. *See id.* § 701.5(c). Finally, DOCS permits an inmate to appeal the superintendent's written decision to the CORC. *See* 7 NYCRR § 701.5(d).

For inmate allegations of harassment or other misconduct by prison employees, DOCS provides an expedited procedure. All such grievances are forwarded directly

to the prison superintendent who will determine whether the grievance presents a bona fide harassment issue. *See* 7 NYCRR §§ 701.8(a)-(c). If the superintendent determines that the inmate grievance raises a bona fide harassment issue, then the superintendent may request an investigation by the Inspector General's Office and must render a decision within twenty-five calendar days of receiving the grievance. *See id.* §§ 701.8(d)-(f). An inmate may appeal the superintendent's response to the CORC by filing a notice of decision to appeal within seven calendar days of receiving the response. *See id.* § 701.8(h). If the superintendent does not render a decision within twenty-five calendar days, the inmate may appeal the grievance to the CORC. *See id.* § 701.8(g).

■ On September 15, 2005, Torres submitted an inmate grievance complaint based upon the alleged assault. At some point, the Inmate Grievance Program issued the undated Investigative Report in response to the initial filing, finding no evidence to substantiate Torres's claim. Torres also received a response from the Green Haven Superintendent, dated October 25, 2005, informing him that the Inspector General's Office was investigating the matter. There is no record of either an investigation report issued by the Inspector General's Office or any further response from the Superintendent. Nevertheless, although the Superintendent did not render a decision regarding Torres's grievance before twenty-five days had elapsed, this does not exempt Torres from the PLRA exhaustion requirements. To properly exhaust administrative remedies, an inmate must file an appeal with the CORC. *See Arce v. Keane,* No. 01 Civ. 2648, 2004 WL 439428, at *2 (S.D.N.Y. Mar. 9, 2004) ("An inmate's failure to appeal a grievance is not excused because he has received no response to his initial

grievance."); *Hernandez v. Coffey,* No. 99 Civ. 11615, 2003 WL 22241431, at *4 (S.D.N.Y. Sept. 29, 2003) ("where a prisoner files a grievance, and the IGRC does not respond, the inmate must nevertheless exhaust his appeals to the facility superintendent and the CORC").

■ DOCS has no record of Torres's appeal to the CORC, but Torres maintains that he did, in fact, file such an appeal. Defendants have submitted a declaration from the Director of the Inmate Grievance Program at DOCS affirming that a search of the CORC computer database produced no record of an appeal by Torres to the CORC. (*See* Reznik Decl., Ex. B (Declaration of Karen Bellamy, dated June 4, 2009), at 3.) In response, Torres has provided a copy of his appeal to the CORC. (*See* Pl.'s Opp'n.) The appeal consists of two pages. The first page is the Green Haven Superintendent's October 25, 2005 response stating that the Inspector General's Office was investigating Torres's grievance. The bottom section of the page is where an inmate would indicate that he is appealing to the CORC, by providing an "Appeal Statement," a signature, and the date. Under the Appeal Statement section are the typewritten words, "See Grounds attached," and Torres has signed this page and dated it October 25, 2005. Spaces for the Grievance Clerk's Signature and Date are blank. The second page submitted by Torres is typewritten and is entitled, "APPEAL." It describes Torres's reasons for appealing, and alleges "an official cover-up by the facility" and points out that Torres's medical records were not referenced in the Investigative Report.

Defendants initially indicated that they would submit a reply in support of their motion to dismiss, but they subsequently informed the Court that they would stand upon their moving papers. Defendants have therefore not responded to Torres's

argument that he properly appealed to the CORC.

Although the Court normally accepts the version of the facts most favorable to the plaintiff, there is a discrepancy in Torres's paperwork that prevents the Court from assuming that Torres filed an appeal to the CORC. Attached to the Complaint that Torres filed with the Pro Se Office on July 21, 2008 is an original copy of the Green Haven Superintendent's October 25, 2005 response that the Inspector General's Office was investigating Torres's grievance. At the bottom, Torres's original signature and the date of October 25, 2005 appear as they do in the copy attached to Torres's opposition papers. Spaces for the Grievance Clerk's Signature and Date are also blank, as they are in the copy later submitted by Torres. The original version attached to the Complaint, however, does not have the phrase "See Grounds attached" typed in the "Appeal Statement" section. Nor does the original version have the typewritten description of reasons for appealing attached.

Given the differences between the original document attached to the Complaint and the copy of the appeal to the CORC later submitted by Torres, the Court cannot simply assume that Torres filed an appeal to the CORC. Although it is possible that Torres made a copy of the Superintendent's response before drafting and sending his appeal to the CORC, and then attached to the Complaint an incomplete version of that appeal (that is, the original response from the Superintendent that Torres signed and dated in the "Appeal Statement" section), this interpretation is merely speculation.

Further, even if the Court were to accept Torres's representation that he properly appealed to the CORC, that appeal by itself does not exhaust his available administrative remedies. *See Partee v. Grood,* No. 06 Civ. 15528, 2007 WL 2164529, at *3 (S.D.N.Y. July 25, 2007) ("an inmate/plaintiff's claim is not exhausted until he appeals to the CORC and receives a final decision regarding his grievance"); *Mendez v. Artuz,* No. 01 Civ. 4157, 2002 WL 313796, at *2 (S.D.N.Y. Feb. 27, 2002) (no exhaustion where inmate's appeal was pending review by the CORC at the time the complaint was filed). Because there is no record of a final determination from the CORC at the time the Complaint was filed, the Court finds that Torres did not exhaust his administrative remedies.

## C. *EXCEPTIONS TO EXHAUSTION REQUIREMENT*

▮▮▮ The Second Circuit has recognized that "certain caveats apply" to the PLRA's exhaustion requirement. *Giano v. Goord,* 380 F.3d 670, 677 (2d Cir.2004). A plaintiff's failure to exhaust administrative remedies may be excused if: (1) administrative remedies were not actually available; (2) defendants have forfeited their affirmative defense of non-exhaustion or are estopped from raising such a defense because of their own actions; or (3) special circumstances exist, such as a reasonable misinterpretation of DOCS regulations. *See id.*; *Hemphill v. New York,* 380 F.3d 680, 686 (2d Cir.2004). However, in *Woodford v. Ngo,* 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006), the Supreme Court "held that untimely or otherwise procedurally defective attempts to secure administrative remedies do not satisfy the PLRA's exhaustion requirement." *Ruggiero v. County of Orange,* 467 F.3d 170, 176 (2d Cir.2006) (*citing Woodford,* 126 S.Ct. at 2382). The Second Circuit has not yet determined whether the "special circumstances" exception to the PLRA exhaustion requirement survives *Woodford. See Chavis v. Goord,* No. 07–4787–pr, 333

Fed.Appx. 641, 643, 2009 WL 1803454, at *1 (2d Cir. June 25, 2009).

Whatever the effect of *Woodford* on the *Hemphill* analysis, the Court cannot determine whether Torres qualifies for an exception to the exhaustion requirement. Such an analysis depends upon whether the paperwork Torres has supplied to show that he appealed to the CORC is genuine. As explained above, the Court cannot simply assume that the appeal is legitimate, given the conflicting original document attached to the Complaint.

The Court will therefore dismiss this case without prejudice.[3] If Torres wishes to proceed with this matter in federal court, he may request within thirty days that the Court reopen the case. The Court will grant such a request only if Torres can provide factual support for his allegation that he filed an appeal with the CORC such that the Court could find the allegation plausible. *See Iqbal*, 129 S.Ct. at 1949 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (*quoting Twombly*, 550 U.S. at 570, 127 S.Ct. 1955)). This would require Torres to explain the discrepancy between the original document attached to his Complaint and the copy of his alleged appeal to the CORC attached to his opposition papers here. If the Court determines that it is appropriate to reopen the case because Torres has made a sufficient showing that he appealed to the CORC, the Court will then consider whether one of the exceptions to the exhaustion requirement applies. The Court will not consider alternative arguments for an exception based upon a theory that assumes that Torres did not file an appeal to the CORC.

---

**3.** The Court will not consider Defendants' arguments regarding the Eleventh Amendment at this time.

## III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion to dismiss (Docket No. 11) of defendants Sergeant Daniel P. Carey and Green Haven Correctional Facility ("Defendants") is GRANTED; and it is further

**ORDERED** that the complaint of plaintiff Jose Torres ("Torres") is DISMISSED without prejudice. Torres may request that the Court reopen this action within thirty days of the date of this order.

The Clerk of Court is directed to withdraw any pending motions and to close this case.

**SO ORDERED.**