**Jose TORRES, Plaintiff**

**v.**

**Sergeant CARRY et al., Defendants.**

**No. 08 Civ. 8967(VM).**

United States District Court, S.D. New York.

Oct. 19, 2009.

Jose Torres, Fallsburg, NY, pro se.

## *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

Pro se plaintiff Jose Torres ("Torres") brought this action pursuant to 42 U.S.C. § 1983 (" § 1983") against the New York State Department of Correctional Services ("DOCS"), Green Haven Correctional Facility ("Green Haven"), Sergeant Daniel P. Carey, sued as "Sergeant Carry," ("Carey"), Sergeant Clark, sued as "Sergeant Clare," ("Clark"), and Correction Officer Edgard ("Edgard"). Torres asserts violations of his constitutional and statutory rights arising from the alleged use of excessive force by Green Haven corrections officers. Defendants Carey and Green Haven (collectively, "Defendants") moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Rule 12(b)(1)" and "Rule 12(b)(6)") on the grounds that: (1) Torres failed to exhaust his administrative remedies, and (2) Defendants are immune from

suit under the Eleventh Amendment to the United States Constitution.[1]

By Decision and Order dated August 19, 2009,[2] the Court granted the motion to dismiss without prejudice, finding that it could not make a determination on the exhaustion of administrative remedies or any applicable exceptions because of seemingly contradictory paperwork attached to the complaint and offered by Torres as evidence of exhaustion. The Court allowed Torres thirty days to request that the Court reopen the action, provided that Torres could make a sufficient showing that he had made adequate efforts to exhaust his administrative remedies.

By affidavit dated September 17, 2009, Torres represented to the Court that he had received two original versions of the paperwork in question, and had inadvertently attached one of the original versions to the complaint. Torres stated that he had not completely filled out the appeal section of the paperwork that he attached to the complaint, which explains the apparent discrepancy between that version and the version he later submitted to the Court. By memo endorsement dated September 23, 2009, the Court granted Torres's request to reopen the action. The Court now considers Defendants' motion to dismiss anew.

For the reasons discussed below, Defendants' motion to dismiss Torres's complaint is GRANTED, but the complaint will be dismissed without prejudice.

## I. *BACKGROUND*[3]

Torres alleges that on September 15, 2005, while incarcerated at Green Haven, he was stopped and frisked by Edgard. According to Torres, although he complied with Edgard's order to place his hands on the wall, Edgard slammed Torres's face against the wall and threw him to the ground. On this account, on Clark's instructions, Edgard proceeded to kick and stomp on Torres's hand, neck, and lower back while other unnamed officers held Torres to the ground. Torres further alleges that Carey also kicked, punched, and verbally assaulted him. Torres sustained a fracture to his right hand and a sprained back and neck.

On September 15, 2005, Torres filed an Inmate Grievance Complaint. In response, the DOCS Inmate Grievance Program conducted an initial investigation and issued an undated report (the "Investigative Report") which stated, "Based on staff denials and inconclusive and conflicting testimony of inmate witnesses, no evidence was reviewed that would substantiate inmate Torres's allegations that he was assaulted

1. The Defendants' motion indicates that it was not submitted on behalf of the other named defendants, as none of them were served with process.

2. This Decision and Order is available at *Torres v. Carry*, — F.Supp.2d —, 2009 WL 2591507 (S.D.N.Y.2009).

3. The summary below derives from the submissions of Torres and Defendants and the exhibits attached thereto, including: the complaint, dated July 21, 2008 ("Complaint"); Memorandum of Law in Support of Defendants' Motion to Dismiss, dated June 5, 2009; Plaintiff's Reply to Defendants' Motion to Dismiss, dated July 17, 2009 ("Pl.'s Opp'n"); and Declaration of Inna Reznik, dated June 5, 2009 ("Reznik Decl."). Except where specifically referenced, no further citation to these sources will be made.

In deciding a motion to dismiss, the Court may consider any documents that are attached to, referenced in, or integral to the preparation of the pleadings. *See Miller v. Lazard, Ltd.*, 473 F.Supp.2d 571, 578 (S.D.N.Y.2007). The Court accepts all well-pleaded facts in the non-movant's pleading as true for the purpose of ruling on a motion to dismiss. *See Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 180 (2d Cir.2008).

by staff." (*See* Reznik Decl., Ex. C (Investigative Report).) The Green Haven Superintendent, Robert Ercole, also responded to Torres's grievance on October 25, 2005, informing Torres that the Inspector General's Office was investigating the matter. Torres further alleges that he filed an appeal to the Central Office Review Committee ("CORC") and contacted the Inspector General, as well as persons he describes as Green Haven Security Captain Kaiser and the Chief Counselor of DOCS, but that he received no response.

On July 21, 2008, Torres filed his Complaint with this Court's Pro Se Office, claiming a right to relief under the Eighth Amendment of the United States Constitution for mental and physical injuries that he sustained from the incident.

On June 5, 2009, Defendants filed a motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6) on the grounds that: (1) Torres failed to exhaust his administrative remedies; and (2) the Court lacks subject matter jurisdiction because Defendants have sovereign immunity under the Eleventh Amendment of the United States Constitution.

## II. *DISCUSSION*

### A. *LEGAL STANDARD*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* — U.S. —, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court must accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002).

In the case of a pro se litigant, the Court reads the pleadings leniently and construes them to raise "the strongest arguments that they suggest." *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir. 1999) (citations and internal quotation marks omitted). This guidance applies with particular force when the plaintiff's civil rights are at issue. *See McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004); *see also Flaherty v. Lang,* 199 F.3d 607, 612 (2d Cir.1999). To survive a Rule 12(b)(6) motion to dismiss, however, a pro se plaintiff's factual allegations must be at least "enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955.

To state a claim under § 1983, Torres must show that while acting under color of state law, Defendants deprived him of his federal constitutional or statutory rights. *See McKithen v. Brown,* 481 F.3d 89, 99 (2d Cir.2007). The use of excessive physical force against a prisoner may in certain circumstances give rise to a cognizable claim under the Eighth Amendment. *See, e.g., Wright v. Goord,* 554 F.3d 255, 268 (2d Cir.2009).

### B. *EXHAUSTION OF ADMINISTRATIVE REMEDIES*

The Prison Litigation Reform Act of 1995 ("PLRA") states in relevant part, "No action shall be brought with respect to prison conditions under [§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This administrative exhaustion requirement "applies to all inmate suits about prison

life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). "When an inmate fails to satisfy the PLRA's exhaustion requirements prior to filing his complaint, the court must dismiss the complaint and require that the plaintiff exhaust his remedies before refiling." *Burns v. Moore,* No. 99 Civ. 0966, 2002 WL 91607, at *3 (S.D.N.Y. Jan. 24, 2002).

DOCS maintains a three-tiered administrative review and appeals system for prisoner grievances. *See* N.Y. COMP. CODES R. & REGS. ("NYCRR") tit. 7, § 701.5. Prior to pursuing a § 1983 action in federal court, a prisoner in the DOCS system must exhaust all three levels. *See Porter,* 534 U.S. at 524, 122 S.Ct. 983. First, an inmate may file an inmate grievance complaint form or a written grievance, if forms are not available, with the Inmate Grievance Resolution Committee ("IGRC"). *See* 7 NYCRR § 701.5(a). Second, if the inmate is dissatisfied with the IGRC decision, he may appeal to the prison superintendent. *See id.* § 701.5(c). Finally, DOCS permits an inmate to appeal the superintendent's written decision to the CORC. *See id.* § 701.5(d).

For inmate allegations of harassment or other misconduct by prison employees, DOCS provides an expedited procedure. All such grievances are forwarded directly to the prison superintendent who will determine whether the grievance presents a bona fide harassment issue. *See id.* §§ 701.8(a)-(c). If the superintendent determines that the inmate grievance raises a bona fide harassment issue, then the superintendent may request an investigation by the Inspector General's Office and must render a decision within twenty-five calendar days of receiving the grievance. *See id.* §§ 701.8(d)-(f). An inmate may appeal the superintendent's response to the CORC by filing a notice of decision to appeal within seven calendar days of receiving the response. *See id.* § 701.8(h). If the superintendent does not render a decision within twenty-five calendar days, the inmate may appeal the grievance to the CORC. *See id.* § 701.8(g).

On September 15, 2005, Torres submitted an inmate grievance complaint based upon the alleged assault. At some point, the Inmate Grievance Program issued the undated Investigative Report in response to the initial filing, finding no evidence to substantiate Torres's claim. Torres also received a response from the Green Haven Superintendent, dated October 25, 2005, informing him that the Inspector General's Office was investigating the matter. There is no record of either an investigation report issued by the Inspector General's Office or any further response from the Superintendent.

Although the Superintendent did not render a decision regarding Torres's grievance before twenty-five days had elapsed, this does not exempt Torres from the PLRA exhaustion requirements. To properly exhaust administrative remedies, an inmate must file an appeal with the CORC. *See Arce v. Keane,* No. 01 Civ. 2648, 2004 WL 439428, at *2 (S.D.N.Y. Mar. 9, 2004) ("An inmate's failure to appeal a grievance is not excused because he has received no response to his initial grievance."); *Hernandez v. Coffey,* No. 99 Civ. 11615, 2003 WL 22241431, at *4 (S.D.N.Y. Sept. 29, 2003) ("[W]here a prisoner files a grievance, and the IGRC does not respond, the inmate must nevertheless exhaust his appeals to the facility-superintendent and the CORC").

DOCS has no record of Torres's appeal to the CORC, but Torres maintains

that he did, in fact, file such an appeal. Defendants have submitted a declaration from the Director of the Inmate Grievance Program at DOCS affirming that a search of the CORC computer database produced no record of an appeal by Torres to the CORC. (*See* Reznik Decl., Ex. B (Declaration of Karen Bellamy, dated June 4, 2009), at 3.) In response, Torres has provided a copy of his appeal to the CORC. (*See* Pl.'s Opp'n.) The appeal consists of two pages. The first page is the Green Haven Superintendent's October 25, 2005 response stating that the Inspector General's Office was investigating Torres's grievance. The bottom section of the page is where an inmate would indicate that he is appealing to the CORC, by providing an "Appeal Statement," a signature, and the date. Under the Appeal Statement section of Torres's submission are the typewritten words, "See Grounds attached," and Torres has signed this page and dated it October 25, 2005. Spaces for the Grievance Clerk's Signature and Date are blank. The second page submitted by Torres is typewritten and is entitled, "APPEAL." It describes Torres's reasons for appealing, and alleges "an official cover-up by the facility" and points out that Torres's medical records were not referenced in the Investigative Report.

As discussed above, upon first consideration of the motion to dismiss, the Court found discrepancies in the paperwork submitted to show that Torres had filed his final appeal with the CORC. With the submission of Torres's affidavit dated September 16, 2009, the Court no longer needs to rely on pure speculation and may assume, for the purposes of the motion to dismiss, that Torres filed the appeal with the CORC, as he alleges.

Although the Court accepts the version of the facts most favorable to the plaintiff, Torres's appeal to the CORC, by itself, does not exhaust his available administrative remedies. *See Partee v. Grood,* No. 06 Civ. 15528, 2007 WL 2164529, at *3 (S.D.N.Y. Jul. 25, 2007) ("[A]n inmate/plaintiff's claim is not exhausted until he appeals to the CORC and receives a final decision regarding his grievance."); *Mendez v. Artuz,* No. 01 Civ. 4157, 2002 WL 313796, at *2 (S.D.N.Y. Feb. 27, 2002) (no exhaustion where inmate's appeal was pending review by the CORC at the time the complaint was filed). The Court declines to find that Torres has fully exhausted his administrative remedies even though he has allegedly complied with all of the steps required of him under applicable DOCS regulations because there is no evidence that a final decision by the CORC has been rendered on Torres's appeal.

### C. *EXCEPTIONS TO EXHAUSTION REQUIREMENT*

The Second Circuit has recognized that "certain caveats apply" to the PLRA's exhaustion requirement. *Giano v. Goord,* 380 F.3d 670, 677 (2d Cir.2004). A plaintiff's failure to exhaust administrative remedies may be excused if: (1) administrative remedies were not actually available; (2) defendants have forfeited their affirmative defense of non-exhaustion or are estopped from raising such a defense because of their own actions; or (3) special circumstances exist, such as a reasonable misinterpretation of DOCS regulations. *See id.; Hemphill v. New York,* 380 F.3d 680, 686 (2d Cir.2004). However, in *Woodford v. Ngo,* 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006), the Supreme Court "held that untimely or otherwise procedurally defective attempts to secure administrative remedies do not satisfy the PLRA's exhaustion requirement." *Ruggiero v. County of Orange,* 467 F.3d 170, 176 (2d Cir.2006) (*citing Woodford,* 548 U.S. 81, 126 S.Ct. 2378). The Second Circuit has not yet determined whether the "special

circumstances" exception to the PLRA exhaustion requirement survives *Woodford*. *See Chavis v. Goord,* 333 Fed.Appx. 641, 642–43 (2d Cir.2009).

Whatever the effect of *Woodford* on the Second Circuit's framework for exceptions to exhaustion, if the Court credits Torres's version of the facts, as it is required to do at this stage, then it must conclude that Torres qualifies for an exception to the exhaustion requirement. The Court assumes, without deciding, that Torres submitted all of the required appeals in a timely manner and simply never received a response to his final appeal to the CORC. An important aspect of "[p]roper exhaustion" is "compliance with an agency's deadlines and other critical procedural rules...." *Woodford,* 548 U.S. at 90, 126 S.Ct. 2378. Although the Court cannot find that Torres actually exhausted his administrative remedies, given the lack of a final decision from the CORC, because Torres has complied with all of the administrative requirements and made a good-faith effort to exhaust, he should not be denied the opportunity to pursue his grievance in federal court simply because the final administrative decision maker has lost Torres's appeal or has otherwise neglected, almost four years after Torres claims he filed his appeal, to issue a final administrative determination.

If a special circumstances exception to the PLRA's exhaustion requirement applies in this case, the Court must determine whether administrative remedies are still available. *See Hemphill,* 380 F.3d at 690–91; *Giano,* 380 F.3d at 679–80. "If prison authorities must still, under New York rules, allow [the prisoner] to file a grievance, then administrative remedies remain 'available' to him, and he must exhaust them before proceeding with this suit." *Giano,* 380 F.3d at 679. However, if "prison authorities will only allow [the prisoner] to file a grievance at this time as a result of a collateral challenge in the courts, then ... administrative remedies are not 'available' for the purposes of the PLRA," and the suit must proceed on the merits. *Id.* at 679–80; *Hemphill,* 380 F.3d at 691.

Because Torres's appeal is still pending, the Court cannot find that administrative remedies are unavailable at this point. As noted above, at this stage the Court accepts Torres's allegation that he timely filed his final appeal to the CORC. After receipt of an appeal, the CORC has thirty days to render its decision. *See* 7 NYCRR § 701.5(d)(3)(ii). DOCS regulations do not specify the procedures a prisoner may use to request that the CORC issue a decision if one has not been issued within thirty days. The Court will direct Defendants to bring Torres's appeal to the CORC's attention within thirty days of the date of this Order, so that the CORC can proceed to render a decision.

The Court will therefore dismiss this case,[4] without prejudice, to enable the CORC to issue a final ruling on Torres's appeal. The Court expects that the CORC will issue its decision within thirty days of receiving a new copy of Torres's appeal from Defendants. If Defendants fail to forward Torres's appeal to the CORC within thirty days or if the CORC fails to issue a decision within thirty days of receipt of the appeal, Torres may request that the Court reopen this action and the Court will reopen the case in order to consider such a request. Upon reopening the Court will deem administrative reme-

4. The Court will not consider Defendants' arguments regarding the Eleventh Amendment at this time.

dies to be unavailable such that Torres may proceed with his claim.

### III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion to dismiss (Docket No. 11) of defendants Sergeant Daniel P. Carey and Green Haven Correctional Facility ("Defendants") is GRANTED; and it is further

**ORDERED** that the complaint of plaintiff Jose Torres ("Torres") is DISMISSED without prejudice; and it is further

**ORDERED** that Defendants forward a copy of Torres's appeal to the Central Office Review Committee ("CORC"), dated September 25, 2005, within thirty days of the date of this Order. If Defendants fail to forward the appeal, or if the CORC fails to issue a decision within thirty days of receiving the appeal, Torres may request that the Court reopen this case.

The Clerk of Court is directed to withdraw any pending motions and to close this case.

**SO ORDERED.**