**Jose TORRES, Plaintiff,**

v.

**Sergeant CARRY et al., Defendants.**

**No. 08 Civ. 8967 VM.**

United States District Court,
S.D. New York.

Oct. 29, 2009.

Jose Torres, Fallsburg, NY, pro se.

Inna Reznik, Attorney General of the State of New York, New York, NY, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

By Decision and Order dated October 19, 2009 (the "October 19 Decision and Order")[1], the Court granted without prejudice the motion to dismiss of defendants Sergeant Daniel P. Carey, sued as "Sergeant Carry," and Green Haven Correctional Facility ("Defendants"). The Court also ordered Defendants to forward a copy of the administrative appeal filed by pro se plaintiff Jose Torres ("Torres") to the Central Office Review Committee ("CORC"). The Court expected that either the CORC would issue a final decision that would exhaust Torres's administrative remedies, or Torres could request that the Court reopen the case if the CORC did not issue a final decision within thirty days of receiving the appeal.

By letter dated October 27, 2009 (the "October 27 Letter"), Defendants, through their counsel Assistant Attorney General Inna Reznik ("Reznik"), requested an extension of time to move for reconsideration of the October 19 Decision and Order. Defendants indicated that they would move for reconsideration "on the grounds that the Court overlooked the need for a factual hearing consistent with the Second Circuit procedures regarding exhaustion of administrative remedies as laid out in *Hemphill v. New York*, 380 F.3d 680 (2d Cir.2004) and *Giano v. Goord*, 380 F.3d 670 (2d Cir.2004)." (October 27 Letter at 1.) The Court construes the October 27 Letter as a motion for reconsideration of its October 19 Decision and Order. For the reasons discussed below, the motion for reconsideration is denied.

## I. DISCUSSION

### A. LEGAL STANDARD

 Reconsideration of a previous order by the court is an "extraordinary rem-

---

1. This Decision and Order is available at *Torres v. Carry*, 672 F.Supp.2d 338 (S.D.N.Y. 2009).

edy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) (citations and quotation marks omitted). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Davidson v. Scully*, 172 F.Supp.2d 458, 461 (S.D.N.Y.2001). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.' " *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (*quoting* 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790). To these ends, a request for reconsideration under Rule 6.3 must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995).

■ Motions for reconsideration in this District are governed by Local Civil Rule 6, 3 ("Rule 6.3"). Rule 6.3 is intended to " 'ensure the finality of decisions and to prevent the practice of a losing party ... plugging the gaps of a lost motion with additional matters.' " *S.E.C. v. Ashbury Capital Partners, L.P.*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (*quoting Carolco Pictures, Inc. v. Sirota*, 700 F.Supp. 169, 170 (S.D.N.Y. 1988)). A court must narrowly construe

and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment. *See Montanile v. National Broad. Co.*, 216 F.Supp.2d 341, 342 (S.D.N.Y.2002); *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y.1999).

**B.** *APPLICATION*

■ In Torres's opposition papers to the Defendants' motion to dismiss, Torres represented to the Court that he had submitted an appeal to the CORC, but received no reply. Torres also included a copy of his appeal to the CORC with his opposition papers. By letter dated July 23, 2009 (the "July 23 Letter"), Defendants, through Reznik, requested that the Court give Defendants until August 6, 2009 "to submit a reply, to the extent we determine one is necessary." (July 23 Letter at 1.) By letter dated August 6, 2009 (the "August 6 Letter"), Defendants, again through Reznik, informed the Court that they did not intend to submit reply papers, "and instead stand upon their moving papers." (August 6 Letter at 1.)

By Decision and Order dated August 19, 2009 (the "August 19 Decision and Order")[2], the Court granted Defendants' motion to dismiss without prejudice, finding that it could not make a determination on the exhaustion of administrative remedies or any applicable exceptions because of seemingly contradictory paperwork attached to the complaint and offered by Torres as evidence of exhaustion. The Court allowed Torres thirty days to request that the Court reopen the action, provided that Torres could make a suffi-

**2.** This Decision and Order is available at *Torres v. Carry*, —— F.Supp.2d ——, 2009 WL 2591507 (S.D.N.Y.2009).

cient showing that he had made adequate efforts to exhaust his administrative remedies. The Court noted that if Torres "made a sufficient showing that he appealed to the CORC, the Court will then consider whether one of the exceptions to the exhaustion requirement applies." (August 19 Decision and Order at 13.)

By affidavit dated September 17, 2009, Torres represented to the Court that he had received two original versions of the paperwork in question, and had inadvertently attached one of the original versions to the complaint. Torres stated that he had not completely filled out the appeal section of the paperwork that he attached to the complaint, which explains the apparent discrepancy between that version and the version he later submitted to the Court. By memo endorsement dated September 23, 2009, the Court granted Torres's request to reopen the action. The Court addressed the motion to dismiss anew in the October 19 Decision and Order, granting the motion to dismiss without prejudice, as described above.

At no time before the October 27 Letter did Defendants request that the Court conduct a factual hearing on the issue of exhaustion. During the original briefing of the motion to dismiss, Defendants requested additional time to submit a reply to Torres's opposition, in which he argued that he had submitted the required paperwork to the CORC. Defendants were therefore on notice of Torres's exhaustion arguments and had an opportunity to argue to the Court that it should hold a factual hearing on the issue of exhaustion, but Defendants made no such argument. Instead, Defendants made no reply and stood on their original moving papers. Even after the Court issued its August 19 Decision and Order indicating that it would consider the applicability of any exceptions to the exhaustion requirement if Torres could make a sufficient showing regarding his efforts to exhaust administrative remedies, Defendants did not move for reconsideration of the August 19 Decision and Order or otherwise bring to the Court's attention their belief in the need for a factual hearing on exhaustion.

A motion for reconsideration is not the appropriate vehicle for raising "new facts, issues or arguments not previously presented to the Court." *Davidson,* 172 F.Supp.2d at 461. Rule 6.3 should not be used to advance theories that were not previously argued, *see Montanile,* 216 F.Supp.2d at 342, and the Court declines to allow Defendants to do so now, when Defendants have had multiple previous opportunities to raise the arguments in their October 27 Letter.

In addition, the Court notes that the factual hearing that Defendants seek is not necessarily required by Second Circuit precedent, as Defendants argue. The claims in *Hemphill* were initially dismissed on a motion for summary judgment, *see Hemphill,* 380 F.3d at 680, and the court in *Giano* decided that an exception to exhaustion did apply before directing the district court to determine whether administrative remedies were still available to the plaintiff inmate, *see Giano,* 380 F.3d at 670. Even if the Court were inclined to consider arguments not presented earlier, neither of the cases cited by Defendants suggests that district courts are required to resolve all factual issues regarding exhaustion before deciding a motion to dismiss.

## II. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion for reconsideration of defendants Sergeant Daniel

P. Carey and Green Haven Correctional Facility is DENIED.

**SO ORDERED.**