**Jose TORRES, Plaintiff,**

v.

**Sergeant CARRY et al., Defendants.**

**No. 08 Civ. 8967(VM).**

United States District Court, S.D. New York.

Feb. 3, 2010.

Jose Torres, Fallsburg, NY, pro se.

Inna Reznik, Attorney General of the State of New York, New York, NY, for Defendants.

### *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

*Pro se* plaintiff Jose Torres ("Torres") brought this action for money damages pursuant to 42 U.S.C. § 1983 (" § 1983") against two state entities, the New York State Department of Correctional Services ("DOCS"), and Green Haven Correctional Facility ("Green Haven"), and three state employees, Sergeant Daniel P. Carey, sued as "Sergeant Carry," ("Carey"), Sergeant Clark, sued as "Sergeant Clare," and Correction Officer Edgard (collectively, the "State" or the "State Employees"). Torres asserts violations of his constitutional and statutory rights arising from the use of excessive force by Green Haven corrections officers.

On June 5, 2009, the State of New York filed a motion to dismiss the lawsuit, arguing that Torres had failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997(e) ("PLRA"), and that Green Haven, DOCS, and the State Employees in their official capacities are immune from actions for § 1983 money damages.

By Decision and Order dated October 19, 2009, the Court granted the motion to dismiss because Torres had not administratively exhausted his remedies pursuant to the PLRA.[1] Torres's complaint was dismissed without prejudice and the Court ordered the State of New York to facilitate the final stage of Torres' administrative process by forwarding Torres' appeal to the Central Office Review Committee ("CORC"). Torres was granted to leave to reopen this action if CORC denied his appeal.

By the attached letter dated January 21, 2010, Torres represents to the Court that CORC denied his appeal and requests that this action be reopened. In accordance with the Court's Decision and Order of October 19, 2009, the Court reopens the action.

The Court now turns to the State's remaining arguments in its motion to dismiss.

## I.  *DISCUSSION*

The State argues that (1) Green Haven and DOCS are immune from this § 1983 lawsuit because they are State entities, and (2) "to the extent plaintiff is suing the [State Employees] for damages in their official capacities" the State Employees are similarly immune. (Memorandum of Law In Support of Defendant's Motion To Dismiss, at 5–6.)

It is well established that state agencies and state officials acting in their official capacities may not be sued under § 1983 for money damages. *Will v. Michigan Department of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Accordingly, the Court dismisses Green Haven and DOCS from this action because these defendants are state agencies and immune from § 1983 claims.

However, § 1983 actions for money damages may be maintained against state officials acting in their personal capacities. *Hafer v. Melo,* 502 U.S. 21, 31, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Though Torres' pleadings do not specify whether he is suing the State Employees in their personal or official capacities, the Court is mindful that at the motion to dismiss stage it is obligated to read the pleadings in the light most favorable to the plaintiff, *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002), and that a *pro se* plaintiff in a civil rights case is entitled to additional deference. *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir.2004). The Court therefore construes Torres' complaint as asserting claims for money damages against the State Employees only in their personal capacities. *See Pritchett v. Artuz,* No. 99–Civ–3957, 2000 WL 4157, at *2 (S.D.N.Y. Jan. 3, 2000) (reaching same result when Green Haven employees were sued under § 1983 and *pro se* plaintiff did not specify capacity); *Frank v. Relin,* 1 F.3d 1317, 1326 (2d Cir.1993) (explaining that courts should "afford plaintiffs more leeway than usual with respect to the characterizations of their § 1983 claims against government officials.").

## II.  *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the Clerk of Court is directed to reopen this action and restore it to the Court's docket; and it is further

**ORDERED** that defendants New York State Department of Correctional Services and Green Haven Correctional Facility are

---

1. The Decision and Order is available at *Torres v. Carry,* 672 F.Supp.2d 338 (S.D.N.Y. 2009).

**296**

dismissed from this action; and it is further

**ORDERED** that defendants Daniel P. Carey, Sergeant Clark and Correction Officer Edgard of the New York State Department of Correctional Services' Green Haven Correctional Facility are directed to answer the complaint of plaintiff Jose Torres herein within twenty-one days of the filing of this Order.

**SO ORDERED.**