Girard v. Chuttey

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of September, two thousand twenty.

PRESENT:
> JOHN M. WALKER, JR.,
> ROBERT A. KATZMANN,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

Chauncey Girard,

*Plaintiff-Appellant*,

v.                                                                              18-2997

Brian Chuttey, Captain, Auburn Correctional Facility, FKA Cuttle, A. Hickey, Corrections Officer, Auburn Correctional Facility, Harold Graham, Superintendent, Auburn Correctional Facility, Alec Venditti, Timothy Abate, Charles Thomas, FKA C. Tomas, Richard Gilfus, Anthony Annucci, Commissioner, Carl Koenigsmann, Medical Deputy, Conners, Sergeant, Auburn Correctional Facility, Jessica Dugan, R.N. Auburn Correctional Facility,

*Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:                    Chauncey Girard, pro se, Dannemora, NY.

FOR DEFENDANTS-APPELLEES:            Barbara D. Underwood, Solicitor General,
                                                              Jeffrey W. Lang, Deputy Solicitor General,
                                                              Joseph M. Spadola, Assistant Solicitor
                                                              General, of Counsel, *for* Letitia James,
                                                              Attorney General, State of New York,
                                                              Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*; Stewart, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Chauncey Girard, proceeding pro se, sued prison officials under 42 U.S.C. § 1983 in connection with an alleged beating and denial of medical treatment and a related disciplinary hearing at Auburn Correctional Facility ("Auburn"). A magistrate judge recommended granting summary judgment in favor of the defendants, finding that Girard had only exhausted his administrative remedies as to a due process claim concerning the conduct of the disciplinary hearing, and that this hearing had satisfied the requirements of due process. The district court adopted the report and recommendation ("R&R"), and Girard appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's grant of summary judgment de novo[,] . . . resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

## I.    Exhaustion

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other [f]ederal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA requires "proper exhaustion," meaning exhaustion in "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *see also Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007) ("Alerting the prison officials as to the nature of the wrong for which redress is sought does not constitute proper exhaustion under *Woodford*." (internal alterations, quotation marks, and citation omitted)). In New York, exhaustion is complete when the Central Office Review Committee ("CORC") issues a final administrative decision. *See* N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5(d); *Amador v. Andrews*, 655 F.3d 89, 97 (2d Cir. 2011). Prisoners are exempt from the exhaustion requirement only when administrative remedies are "unavailable." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). An administrative procedure is unavailable when (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) it is "so opaque that it becomes, practically speaking, incapable of use"; or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Williams v. Priatno*, 829 F.3d 118, 123–24 (2d Cir. 2016) (quoting *Ross*, 136 S. Ct. at 1859–60); *see also id.* at 123 n.2 (suggesting this list may not be exhaustive).

Here, the evidence taken in the light most favorable to Girard shows that Girard filed two

grievances in which he made some reference to the events underlying this action.[1] The first of these grievances concerned only a denial of medical treatment and did not include any allegations that could be construed to give rise to retaliation, excessive force, failure-to-protect, or supervisory claims. The Inmate Grievance Resolution Committee and the Superintendent both ruled against Girard, and Girard appealed to the CORC on January 30, 2015. By regulation, the CORC is given thirty days to decide each appeal it receives. *See* N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5(d)(3)(ii). The magistrate judge properly noted that Girard's present lawsuit was initiated on February 19, 2015, less than thirty days after filing his appeal to the CORC. Moreover, the record does not contain any evidence that the CORC actually decided this appeal prior to the filing of this lawsuit. Because Girard filed his initial complaint in this action before the CORC had either decided his appeal or the thirty-day period to respond had elapsed, he failed to exhaust his remedies as to this grievance. *See Neal v. Goord*, 267 F.3d 116, 122–23 (2d Cir. 2001) (holding that administrative remedies must be exhausted prior to filing of initial complaint and that exhaustion during the pendency of the federal suit is insufficient), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516 (2002).

Similarly, Girard's second grievance, which included additional details relating to an alleged assault in December of 2014, was not filed until February 23, 2015—several days after the

---

[1] Girard presented an affirmation that could be interpreted to assert that he filed, or attempted to file, additional grievances with the Inmate Grievance Resolution Committee ("IGRC") at Auburn. On appeal, however, he abandons this issue by failing to address it in his opening brief. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (pro se litigant abandons issue by failing to raise it in appellate brief). In any event, if the IGRC failed to timely respond to a grievance, the grievance procedures would have permitted Girard to appeal to the Superintendent, and there is no evidence that Girard took that step, as would have been required to exhaust administrative remedies. *See* N.Y. Comp. Codes R. & Regs. tit. 7, § 701.6(g)(2).

4

initial complaint was filed. Girard therefore failed to exhaust his remedies as to this grievance prior to filing suit, as required by the PLRA. Girard's letters to prison officials did not constitute exhaustion of administrative remedies since they did not conform to the agency's grievance procedures. *See Woodford*, 548 U.S. at 90; *Macias*, 495 F.3d at 44.

Accordingly, the district court properly granted summary judgment to the defendants on Girard's excessive force, retaliation, failure-to-protect, medical indifference, and supervisory claims arising out of the alleged December 23, 2014 beatings and his subsequent medical treatment.

## II. Due Process Claim[2]

Girard's remaining claim is that he was deprived of due process during his January 2015 disciplinary hearing. To make out such a claim, a plaintiff must establish that he (1) possessed an actual liberty interest and (2) was deprived of that interest without being afforded sufficient process. *See Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004). Although "due process protections afforded a prison inmate do not equate to 'the full panoply of rights' due to a defendant in a criminal prosecution," due process requires that an inmate receive "advance written notice of the charges against him; a hearing affording him a reasonable opportunity to call witnesses and

---

[2] Girard does not challenge on appeal the magistrate judge's finding (adopted by the district court) that he did not present evidence from which a reasonable factfinder could conclude that the hearing officer deprived him of due process by denying sufficient assistance to prepare a defense, denying his request for a prison official's testimony, failing to produce certain documentary evidence, removing him from the final portion of the hearing, or arbitrarily predetermining the outcome of the disciplinary proceeding. We therefore find that he has abandoned these issues and we do not address them. *See LoSacco*, 71 F.3d at 92–93; *see also Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (pro se litigant "waived any challenge" to aspect of district court's adverse ruling that brief mentioned only "obliquely and in passing").

present documentary evidence; a fair and impartial hearing officer; and a written statement of the disposition, including the evidence relied upon and the reasons for the disciplinary actions taken." *Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). In addition, if the inmate is housed in a Special Housing Unit ("SHU"), due process requires that he receive "substantive assistance in preparing a defense." *Ayers v. Ryan*, 152 F.3d 77, 80–81 (2d Cir. 1998).

Girard first argues that the hearing violated due process because he was denied access to audio and video evidence showing (1) two defendants assaulting him in the SHU and (2) his transfer between the SHU and the infirmary. The record includes documents associated with a Freedom of Information Law request for "photographs/video from SHU/P-Tank to medical then back to SHU," and Girard argued in the district court that the defendants deprived him of his constitutional rights by withholding this evidence. But the defendants presented evidence that no additional footage existed, and Girard never supported his claim that there was additional video footage with an affidavit or other evidence. Accordingly, Girard did not establish a genuine dispute of fact as to whether the defendants withheld evidence in violation of his constitutional rights.

Girard further argues that the hearing was unfair because the hearing officer, Captain Chuttey, tried to "intimidate" Girard by interrupting his questioning of Corrections Officer Gilfus. The transcript of the hearing contradicts this claim. Chuttey interrupted Girard's questions about whether and when Gilfus had used force and whether Girard had suffered injuries, but these facts had already been established and were not in dispute.

Finally, we liberally construe Girard's brief to challenge the sufficiency of the evidence in the disciplinary hearing. "[D]ue process requires that there be some evidence to support the

6

findings made in [a] disciplinary hearing." *Zavaro v. Coughlin*, 970 F.2d 1148, 1152 (2d Cir. 1992) (internal quotation marks omitted). "This standard is extremely tolerant and is satisfied if there is *any* evidence in the record that supports the disciplinary ruling." *Sira*, 380 F.3d at 69 (internal quotation marks omitted). The charge that Girard engaged in violent conduct, assaulted a staff member, interfered with an employee, and failed to obey a direct order outside the mess hall was supported by the testimony of Corrections Officer Hickey, who authored the associated misbehavior report and testified that Girard did not comply with his order to place his hands on the wall, attempted to strike Hickey, and injured Hickey in the course of being restrained. The charge that Girard failed to comply with a direct order, interfered with an employee, and failed to comply with frisk procedures during SHU intake was supported by the testimony of Corrections Officer Baney, who authored the misbehavior report associated with those charges, and two other officers who witnessed Girard's behavior. The charge that Girard refused to comply with a direct order to provide a urine sample was supported by the related misbehavior report, which was written by the officer who gave the order and witnessed the refusal. *Cf. Luna v. Pico*, 356 F.3d 481, 489 (2d Cir. 2004) (misbehavior report did not satisfy "some evidence" standard where the author did not witness the underlying events and merely reiterated an accusation).

We have considered all of Girard's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7