20-3102-pr
*Paschal-Barros v. Tugie*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of May, two thousand twenty-two.

PRESENT: JOHN M. WALKER, JR.,
GUIDO CALABRESI,
JOSÉ A. CABRANES,
          *Circuit Judges.*

———————————————————————

KYLE LAMAR PASCHAL-BARROS,

     *Plaintiff-Appellant*,

     v.                                               20-3102-pr

TUGIE, CS & MAIGE, DIRECTOR,

     *Defendants-Appellees*,

HENRY FALCONE, WILLIAM MULLIGAN, WILLIAM FANEFTH, NICK RODRIGUEZ, DERRICK MOLDEN, DENISE DILWORTH, KYLE MITCHELL, GREGOIRIO ROBLES, THOMAS KENNY, ANTHONY BLEKIS, ANTHONY KACPRZYSKI, DAVIS, CS, JANE DOE 2, and JOHN DOE, 2,

     *Defendants*.

1

FOR PLAINTIFF-APPELLANT:                    Kyle Lamar Paschal-Barros, *pro se*,
                                             Suffield, CT.


FOR DEFENDANTS-APPELLEES:                    Clare Kindall, Solicitor General, Janelle R.
                                             Medeiros, Assistant Attorney General, *for*
                                             William Tong, Attorney General of the
                                             State of Connecticut, Hartford, CT.

Appeal from a September 1, 2020 order and a September 2, 2020 judgment entered by the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 1, 2020 order and September 2, 2020 judgment of the District Court be and hereby are **AFFIRMED**.

Plaintiff Kyle Lamar Paschal-Barros, who is incarcerated and proceeding *pro se*, filed this lawsuit against various prison officials (the "Defendants") under 42 U.S.C. § 1983, alleging violations of his due process rights. In particular, Paschal-Barros alleged that he was placed in administrative segregation without receiving notice of a hearing or having an opportunity to present his position. The District Court granted summary judgment to the Defendants. *See Paschal-Barros v. Falcone*, No. 3:19-CV-573 (VLB), 2020 WL 5231491 (D. Conn. Sept. 1, 2020). Paschal-Barros now appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126-27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

The District Court concluded that Defendants were entitled to summary judgment because Paschal-Barros "failed to properly exhaust his administrative remedies before commencing this action." *Paschal-Barros*, 2020 WL 5231491, at *5. On appeal, Paschal-Barros's brief fails to argue otherwise. Instead, he raises a host of separate arguments, including that the District Court erroneously found that Defendants were entitled to qualified immunity and that the District Court impermissibly relied on disputed facts regarding his opportunity to attend the administrative hearing. While we "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (internal quotation marks omitted), "we need not

2

manufacture claims of error for an appellant proceeding *pro se*," *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995). This is especially true where, as here, a *pro se* litigant "has raised an issue below and elected not to pursue it on appeal." *Id.* We therefore conclude that Paschal-Barros has abandoned any argument that his claims are not barred by the exhaustion requirement. *See Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1074 (2d Cir. 2021) ("[A] *pro se* litigant abandons an issue by failing to address it in the appellate brief.").

Even if we were to excuse Paschal-Barros's failure to address the exhaustion issue on appeal, we still affirm the District Court's grant of summary judgment to the Defendants. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires a prisoner, before bringing a lawsuit in federal court about prison conditions, to exhaust available administrative remedies in "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *see also Ross v. Blake*, 578 U.S. 632, 642 (2016). This exhaustion requirement is "mandatory." *Jones v. Bock*, 549 U.S. 199, 211 (2007). "In order to exhaust, . . . inmates must provide enough information about the conduct of which they complain to allow prison officials to take appropriate responsive measures." *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004). Merely "[a]lerting the prison officials as to the nature of the wrong for which redress is sought does not constitute proper exhaustion." *Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007) (cleaned up).

Here, undisputed evidence shows that Paschal-Barros failed to exhaust his administrative remedies in relation to his due process claim. Although he filed an administrative appeal within the 15-day deadline provided by the Connecticut Department of Corrections appeal procedures, his appeal did not argue that he lacked notice of the hearing or was unable to participate in the hearing. Nor did Paschal-Barros provide any factual details in his administrative appeal that would permit such a due process claim to be inferred. Instead, in his administrative appeal, Paschal-Barros raised three separate grounds for overturning the decision: (1) that his advocate did not interview his requested witnesses; (2) that allegations concerning his assaultive behavior were unsubstantiated; and (3) that his prior disciplinary infractions were minor and only occurred because he did not want to return to the prison's general population. Because Paschal-Barros failed to raise the relevant due process issues in his administrative appeal, he failed to give appropriate notice of his claim to prison officials and therefore did not exhaust his available administrative remedies as required by the PLRA.

We have considered all of Paschal-Barros's remaining arguments and find them to be without merit. For the foregoing reasons, therefore, we **AFFIRM** the September 1, 2020 order and September 2, 2020 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3